TEMPE PRICE v. C. W. BRADY AND ANOTHER.

The rule that the maker of a negotiable note is not liable in garnishment, is based upon the fact that the note is by law negotiable, and on the liability of the garnishee to the holder of the note, whether he be known or not.

A receipt given for promissory notes, for collection, to be accounted for to the holder of such receipt, does not belong to the class of instruments negotiable by commercial usage or law, and until the maker of such receipt receives notice of its assignment, he may avail himself of his defences against the party to whom it was given.

In the construction of Attachment and Garnishment Statutes the rule is, that the personal property in the hands of a garnishee, in respect to which he may be charged, must be such as is capable of being seized and sold under execution.

Under our Statutes, choses in action are not liable to levy and sale under an execution.

Promissory notes, in the hands of a person, are not liable to garnishment.

See this case as to the power of our Courts to lend equitable assistance to a judgment creditor at law, to reach the choses in action of his debtor.

Appeal from San Augustine. Tried below before Hon. A. O. W. Hicks.

Tempe Price, the appellant, who was a judgment creditor of one C. W. Brady, garnisheed the appellee, Greer, requiring him to answer, &c. Greer answered, that before the service of the writ of garnishment in this case he executed a promissory note to said Brady, payable to him or bearer one day after date, for $287 50 ; that said note is unpaid ; but that he did not know who was the owner of said note. But on the same day upon which he executed said note he gave said Brady a receipt for several notes, in which it was specified that he would be responsible for said notes, or the money he might collect on them, to the holder of said receipt : that he did not

know who was the owner of said receipt. Upon this answer the garnishee was discharged.

*F. B. Sexton*, for appellants, cited Miller v. Taylor, (14 Tex. R. 538 ;) Prat v. Law, (9 Cranch, 456 ;) Story on Prom. Notes, (Sec. 17 ;) (3 Missouri R. 88 ; Drake on Attach. (Sec. 627.)

*H. M. Kinsey*, for appellee.

HEMPHILL, CH. J. Two questions are presented:

1st. Whether L. V. Greer is subject to garnishment as the maker of the promissory note to Charles W. Brady, the defendant in execution?

2d. Whether he is liable in garnishment for certain promissory notes belonging to the defendant Brady, which he (Greer) has in possession, having given a receipt to Brady therefor, promising to account to the holder of the receipt for the notes, or the money he might collect on the said notes?

As to the first ground. The note in question, executed by the garnishee in favor of Brady, was past due at the service of the garnishment, but the garnishee, by his answer, certifies that he did not know who was the owner of the note, as he had not seen it or heard from it since it was executed. In Wybrants v. Rice & Nichols, (3 Tex. R. 458,) it was held that the maker of a negotiable note was not liable in garnishment, but by the answer in that case the garnishee expressed the belief that the note had been negotiated. But the fact of circulation is not the sole ground of exemption. The true reason is in the facts of its negotiability by law, and in the liability of the garnishee to the holder of the note, whether he be known or not.

This note may have been passed before due ; if so, the maker (Greer) is liable not to Brady, but to the holder, and it would contravene the principles of the garnishee's liability

to subject him to the garnishment when the judgment would be no defence to an action by the holder of the note.

This point was considered and decided in Iglehart v. Moore at this Term. (Drake on Attach., Sec. 580, 586 ; 14 La. R. 449, 511 ; 5 N. Hamp. R. 502 ; 7 Yerger 42.)

The next point is as to the liability of the garnishee as the holder of promissory notes deposited with him by the defendant for collection, and to account to whoever might hold the receipt.

The garnishee, in his answer, states that he does not know who is now the holder or owner of the receipt. As this instrument is not among those classed as negotiable by commercial usage or law, the holder would not have the rights pertaining to the holder of commercial paper. He would, until he gave notice to Greer of the assignment of the receipt, be subject to defences which Greer could set up against Brady. (Art. 2522.) And, until this notice, Greer would be liable under the garnishment, because he could set up the judgment in garnishment as a defence to an action by Brady to recover from him these notes or their value. If promissory notes, belonging to a debtor, in the hands of a third person, are subject to garnishment, there was error in discharging the garnishee, as he did not certify that he had notice of the transfer of the receipt from Brady to another, and until such notice he was liable, and could not claim exemption on the ground that he knew nothing of the then ownership of the receipt.

This brings us to the question of, whether a person having in his possession promissory notes of a defendant can. in respect thereof, be charged as garnishee ; and it would appear to be a general rule in the construction of Attachment and Garnishment Statutes, that the personal property in the hands of a garnishee, in respect to which he may be charged, must be such as is capable of being seized and sold under execution, for the reason that, as a general rule, these Statutes provide that the garnishee may discharge himself of liability by de-

livery of the property to the proper officer, and therefore he should not be charged with property which, if so delivered, could not be sold under execution. And as promissory notes, or other choses in action, are not in Common Law States, as a general rule, made subject to seizure or forced sale, a person in possession of them should not be charged as garnishee. (Drake on Attach., Sec. 425 ; 8 Pick. 298 ; 3 Humphreys, 448 ; 9 Mass. 537.)

Choses in action are not assignable at Common Law, and are not subject to sale under a *scire facias* at Common Law. But as they are assignable in equity, the inquiry in the Courts of this State would be into the terms of the Execution Laws, to ascertain whether there was an intention to subject choses in action (such for instance as promissory notes,) to sale under execution. A law for the execution of judgments, under our system, should be framed as well with the purpose of enforcing decrees in equity as of judgments at law ; and in this respect the Execution Act of 1842 is defective, providing only for pecuniary judgments at law, and to satisfy these, levy is authorised on—1st. Personal or moveable property. 2d. On uncultivated lands. 3d. On slaves ; and lastly, on the improved lands, or the homestead of the defendant.

Personal or moveable property might, in some connections, include choses in action, but I apprehend that such extension has never been given to the terms in Statutes subjecting property to execution. Such expressions are merely the equivalents of the terms, goods and chattels; and under these, choses in actions have not been included as the subjects of a *fieri facias*. There is, then, no express authority under the Statute for levying upon and selling choses in action in satisfaction of a judgment.

But although the general rule is, that property not liable to execution is not subject to attachment or garnishment, yet there are exceptions depending upon special provisions of Statutes. For instance, in North Carolina, a garnishee must surrender

notes and bonds of the defendant though they cannot be sold under execution.

We will examine our Statute of garnishment to ascertain whether there is a departure from the ordinary rule exempting the garnishee from liability for property, which, if delivered, could not be sold under executive process. By the Statute, the garnishee is required to answer upon oath what he is indebted to the defendant, or what effects of the defendant he has in possession, and had at the time of serving the garnishment, &c., &c.; and the judgment against the garnishee is for all sums of money acknowledged to be due the defendant, and for the effects of the defendant acknowledged to be in his possession, or so much of them as may be sufficient to satisfy the judgment of the plaintiff, &c. This judgment may be discharged by the garnishee delivering, on demand, to the proper officer, so much of the sums of money or effects as may be sufficient to satisfy the judgment of the plaintiff, &c. (Art. 48.)

There is but little room for construction in this provision. The garnishee is to show in what sums of money he is indebted to the defendant, and what effects of the defendant he has in his possession, and to deliver these or enough of them to satisfy the judgment. Besides money, the Statute uses no other word but "effects," and this, it is believed, has never been held to include choses in action when used in Statutes for enforcing the collection of debts; and we are of opinion that the general rule is applicable under our Statutes, viz : that the garnishee can be charged only for property which, if surrendered, might be sold under the ordinary process of execution.

If it had been the intention of the Legislature to subject promissory notes, belonging to a defendant, to execution, or to surrender, by a garnishee, the terms rights and credits, or others of equivalent import would probably have been used. The mandate of a *fieri facias*, in Louisiana, is to sell the property, real and personal, rights and credits of a debtor. (Code

of Practice, Art. 642.) Under these terms, promissory notes are subject to forced sale. It appears, also, that in several of the States a judgment creditor is authorised to seize and sell on execution, or apply for the aid of Chancery powers to reach choses in action, stock, property, or money, in the hands of a third person, &c., when the remedy at law has been exhausted. (2 Kent, 443.) But no such terms have been used in the Statute of this State. The only words are moneys and effects, which cannot, without violence, be held to include rights and credits, stock, or choses in action, &c.

It may be said, however, that the Courts here are vested with equity powers, and by virtue thereof they might subject the choses in action of a defendant to the payment of his debt. But the plaintiff has sought his remedy under a special provision of the Statute, and by the terms of that he must abide. In fact, there has been no attempt to invoke powers in this case independent of and beyond the Statute, if in fact any such be vested in the Court. It might be said on the other hand, that the Legislature had prescribed the remedy, and that the Court would not have competent authority to extend the relief to property not within the contemplation of the law.

The question of the power of Courts of equity to aid the infirmity of the law, and reach personal property, not subject to execution at law, has been much discussed. In England the doctrine seemed formerly to have been, that a chose in action could not be taken under an execution at law, nor by process of attachment from a Court of equity. (Dundas v. Dutens, 1 Vesey, 196 ; 1 Ball & Beatty, 389 ; 2 Ball & Beatty, 233.) In Bayard v. Hoffman, (4 Johns. Chan. Rep. 450,) the cases were reviewed, and the Chancellor was of opinion that there was much authority for holding that choses in action might be reached in equity ; and in Spade v. Davis, (20 Johns. 554,) this doctrine was affirmed by the Court of Errors ; but in Donovan v. Fine, (1 Hopkins, 59,) it was held that the doctrine of equitable assistance to a judgment creditor at law, to

enable him to reach choses in action of his debtor, was restricted to special cases of fraud and trust. But without expressing an opinion as to the extent of equity jurisdiction on this subject, or as to the competency of this Court to afford remedies in addition to those given by the Statute, we may say that this case does not properly raise such questions; and if raised, the Court would probably hestitate long to give assistance beyond the Statute to a creditor in garnishment or attachment. The laws giving these summary proceedings have not been liberally construed. By processes of this character the estate of a debtor (it may be the whole of his estate) is appropriated, perhaps sacrificed, for the benefit of a single creditor, leaving others without remedy; and Courts might well refuse invocations to extend aid to such processes beyond the plain import of the law.

If it be deemed advisable to extend executive or garnishment process to choses in action, or evidences of debt, this will doubtless be done by the Legislature; and if so, it would be for the benefit of a debtor, and of his general creditors, that provisions similar to those of State, (1 & 2, Vic. C. 110,) should be adopted. These authorise the seizure of bills of exchange, promissory notes, &c., &c., to be held as securities for the amount of the execution; and to be sued upon by the Sheriff for the recovery of the sums of money secured thereby. The Sheriff acts as receiver, and the notes, &c., are not to be sacrificed at public sale, but to be collected and applied to the debt. (2 Dan. Chan. Prac. 1240. We express as our conclusion, that the promissory notes deposited with the garnishee, by the defendant, are not the subject of garnishment; that under the Statute the possessor cannot be made liable as garnishee; and that as he has not acknowledged the receipt of any money on these notes, there was no error in discharging him from the garnishment; and it is ordered that the judgment be affirmed.

Judgment affirmed.