WHITE SEWING MACHINE COMPANY V. J. B. ATKESON ET AL.

No. 7119.

1. **Pleading — Equitable Relief to Reach Choses in Action.** — A petition sought to subject choses in action assigned by an insolvent debtor in fraudulent trust, showing that a number of such notes were overdue, and it not appearing but that those overdue were sufficient to satisfy the claim of the plaintiff, it not appearing that there was not a legal remedy by garnishment, a demurrer was properly sustained.

2. **Want of Remedy to Reach Fraud in Transfer of Choses in Action.**— Price v. Brady, 21 Texas, 614, and Taylor v. Gillean, 23 Texas, 508, discussed, and in view of the doubts expressed in those opinions as to the power of the courts to afford a remedy, and of the fact that we find no authoritative opinion of this court since rendered affirming the power, it may be questioned whether such remedy should be held to exist.

APPEAL from Johnson. Tried below before Hon. J. M. Hall.

The opinion states the case.

*Field & Davis* and *Crane & Ramsey,* for appellant. — 1. If petition states substantially a cause of action it is sufficient against general demurrer. Frost v. Swett, 2 Texas, 485; Zacharie v. Bryan, 2 Texas, 274; Warner v. Bailey, 7 Texas, 519; Williams v. Warnell, 28 Texas, 612; Edgar v. Galveston, 46 Texas, 421.

2. Plaintiff as a simple contract creditor could in the same action, under our blended system, sue to recover debt against his debtor and seek to set aside fraudulent transfer from his debtor to third party. Cassaday v. Anderson, 53 Texas, 535; Kerr v. Hutchins, 46 Texas, 385; Ward v. McKenzie, 33 Texas, 316; Hall v. McCormick, 7 Texas, 278; Bump. on Fraud. Con., 508; 1 Litt. (Ky.), 302.

3. The proceeding in equity by injunction was the proper remedy to prevent transfer of negotiable notes, to restrain a fraudulent conversion or disposition of them to thwart creditors, and compel them to be delivered up and fraudulent transfer of them canceled. Railway v. McDonald, 53 Texas, 510; Friedlander v. Ehrenworth, 58 Texas, 350; Railway v. Hume, 59 Texas, 47; Town of Venice v. Woodruff, 20 Am. Rep., 499; Mann v. Appel, 31 Fed. Rep., 378.

*W. A. Ledbetter* and *Davis & Harris,* for appellees. — 1. Until a creditor has obtained a judgment he has no right to interfere by injunction or by means of a receiver with a debtor's disposition of his property. Taylor v. Gillean, 23 Texas, 508; Wade on Fraud. Con., secs. 52, 73; Bump. on Fraud. Con., secs. 527, 533–36; Pome. Eq., sec. 466; 2 High on Injunc., sec. 1404, *et seq.;* Sebring v. Faut, 9 How., 346; 32 N. Y., 457; Rhodes v. Cousins, 6 Rand., 188; Wiggins v. Armstrong, 2 Johns. Ch., 144; Bigelow v. Andress, 31 Ill., 322; Martin v. Michael, 23 Mo., 50; S. C., 66 Am. Dec., 656.

2. Only such creditors as have acquired a lien upon the debtor's property and a specific right to subject it to their debts have the right to resort to a court of equity. Hawkins v. Cramer, 63 Texas, 99; Cassaday v. Anderson, 53 Texas, 527; Bump. on Fraud. Con., 521–23; Freem. on Ex., secs. 427, 430.

3. The issuance and service of the writ of garnishment upon J. D. Atkeson did not confer any lien upon the promissory notes in his hands, though they may have been in fact the property of J. B. Atkeson, nor did it give to the White Sewing Machine Company any right to payment out of the proceeds of said notes, to the exclusion of the other creditors of J. B. Atkeson. Price v. Brady, 21 Texas, 614; Ellison v. Tuttle, 26 Texas, 283; Terrill v. Canada, 25 Texas, 455.

*F. M. Brantley,* also for appellees. — 1. If the transfer of the promissory notes in controversy from J. B. to J. D. Atkeson had been made without consideration, and hence fraudulent and void as to plaintiff, that

fact would not create such a trust relation on the part of the transferee as would authorize the simple contract creditor of J. B. Atkeson to resort to the extraordinary proceeding as an injunction and receiver; nor would such a proceeding afford a more appropriate or as satisfactory remedy as the simple legal proceeding by garnishment by simply garnishing the respective makers of the notes, and by making J. D. Atkeson, the transferee of the notes, a party defendant thereto.    Taylor v. Gillean, 23 Texas, 508; Arthur v. Batte, 42 Texas, 159; Cassaday v. Anderson, 53 Texas, 527; Wait on Fraud. Con., secs. 52, 73; Uhl v. Dillon, 10 Md., 500; High on Injunc., secs. 31, 406, 407; Rhodes v. Cousins, 6 Rand., 188; Bigelow v. Andress, 31 Ill., 322; Brinkerhoff v. Brown, 4 Johns. Ch., 671; Williams v. Brown, 4 Johns. Ch., 681; McDermot v. Stronge, 4 Johns. Ch., 678.

2.    In the absence of a special statute authorizing such a proceeding, our courts have no power or authority, at the instance of a simple contract creditor, to compel either the owner of choses in action not subject to levy and sale, or the transferee without consideration of such owner, to deliver up such choses in action to the control of the court to be applied to the satisfaction of said creditor's claim, said creditor having and asserting no lien or interest in said property.    Price v. Brady, 21 Texas, 614; Taylor v. Gillean, 23 Texas, 508; Arthur v. Batte, 42 Texas, 159; Uhl v. Dillon, 10 Md., 500; Blum v. Goldman, 66 Texas, 621; Freem. on Ex., secs. 425, 427.

GAINES, ASSOCIATE JUSTICE.—The appellant corporation being a creditor of appellee J. B. Atkeson, brought this suit to recover the debt, and made J. D. Atkeson and others parties defendant.  It was alleged that both J. B. Atkeson and J. D. Atkeson were insolvent, and in effect, as we take it, that neither had any property subject to forced sale; that sundry persons, who were named, were severally indebted to J. B. Atkeson by promissory notes payable to his order, and that for the purpose of defrauding his creditors he had transferred these evidences of debt to J. D. Atkeson, who was proceeding to collect the same.    Other creditors were made parties defendant to the suit with the view that their rights in the fruits of the recovery as to the notes should be adjusted.    The prayer was for an injunction against J. B. Atkeson and J. D. Atkeson, restraining them from transferring or collecting the notes, that a receiver should be appointed to take possession of and to collect them, and that upon final hearing the plaintiff have judgment for his debt, and that the court should make an equitable adjustment of the rights of the plaintiff and of the other creditors of J. B. Atkeson in the proceeds.

The injunction was issued and a receiver appointed, but upon the hearing demurrers were sustained to so much of the petition as sought equitable relief, the injunction was dissolved, and receiver directed to

restore the notes and money in his hands to the defendants J. B. Atkeson and J. D. Atkeson. The plaintiff recovered a judgment against J. B. Atkeson for its debt only.

The action of the court in sustaining the demurrers to the petition is assigned as error. In the cases of Price v. Brady, 21 Texas, 614, and Taylor v. Gillean, 23 Texas, 508, the question of the power of the District Court, through its equitable jurisdiction, to subject to the payment of his debts choses in action belonging to an insolvent debtor which have been fraudulently assigned to a third party was discussed, but in neither case was it definitely decided. In the former (Price v. Brady) the attempt was to hold notes which belonged to a judgment debtor, and were in the hands of an agent for collection, subject to a writ of garnishment served upon the agent. It was held that the writ of garnishment reached only such property as was subject to levy and sale under execution, and that therefore promissory notes themselves were not subject to the writ. Taylor v. Gillean, *supra*, was a case more like the present. The suit was brought by a creditor of Gillean & Co., who alleged that they were insolvent and that they had fraudulently transferred notes and accounts, large in number and amount, to one Reeves, as trustee, for the purpose of paying certain fictitious debts, and that certain of the notes so transferred had previously been assigned to the plaintiff as collaterals to secure his debt. A writ of injunction and the appointment of a receiver were prayed for and the prayer was granted. The effort was not only to subject the notes which had been assigned to plaintiff to the payment of his debt, but to subject also the other notes and accounts to the payment of the debts of Gillean & Co. in general.

In the lower court the injunction was dissolved and the relief denied, except as to the notes which had been assigned to the plaintiff. The judgment was affirmed upon the ground that it appeared from the face of the petition that the plaintiff had an adequate remedy at law. The petition alleged the insolvency of Gillean & Co., but did not show that they had no property subject to execution; and the court say further that there was a remedy by writ of garnishment. We think that in the first particular the petition in the present case differs from that in the case of Taylor v. Gillean. The allegations in the case before us are probably sufficient to show that the defendant Atkeson has no property which can be reached by attachment or execution. In the second particular the two cases are essentially the same. In the petition before us it is alleged "that the plaintiffs are informed and believe that a large portion of said above mentioned notes are now due and unpaid, and are upon good and solvent parties, out of whom can be made and collected the amount due upon each of said notes, and that plaintiffs are unable to give the amounts due upon any of said notes." From this allegation it does not appear that the sum of the amounts due upon the matured solvent notes is

not sufficient to discharge plaintiff's demand. The petition therefore fails to show that plaintiff had not an adequate remedy at law by the writ of garnishment, and hence we conclude that the demurrer was properly sustained.

There is a distinct intimation in the opinion in the case of Price v. Brady, *supra*, that if it was desired to subject choses in action belonging to a debtor in the hands of a third person to the payment of his debts, legislation would be appropriate. The Revised Statutes have provided a remedy for reaching the shares of a debtor in an incorporated company, but contain no such provision as to negotiable instruments. The rule of the law merchant which forbids the garnishment of debts evidenced by these instruments before maturity, enables a debtor to convert his property into such securities, and thereby to defeat or delay the collection of the debts against him, and leaves open a door to fraud. But in view of the doubts expressed in the opinions above referred to as to the power of the courts to afford a remedy, and of the fact that we find no authoritative opinion of this court since rendered affirming the power, it may be questioned whether such remedy should be held to exist. The case of Railway v. McDonald, 53 Texaas, 510, is cited in the brief of appellant's counsel in support of the affirmative of the question; but that was a case in which the creditor of a corporation which had been dissolved, and the assets of which were in the hands of trustees, sought by a direct suit to subject a debt due to the trustees to the payment of her demand. The court held in effect that because of the trust the remedy by garnishment was embarrassed, if not inappropriate, and that therefore a court of equity had jurisdiction. The court further say that since it did not appear that there were any other creditors of the insolvent corporation, and since the trustees had not objected to the judgment, their debtor, the appellant in the case, had no right to complain. The appellant corporation and the debt and the trustees being before the court, it was protected by the judgment.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered December 6, 1889.