## A. W. MOURSUND v. C. F. PRIESS.

### No. 7202.

1. **Voluntary Sale of Homestead.**—The voluntary sale of a homestead subjects the proceeds of such sale to legal process if not otherwise exempt.

2. **Unprobated Will.** — A will is not competent as evidence unless probated in the County Court and within the time prescribed by law. Ochoa v. Miller, 59 Texas, 461.

3. **Practice—Controverting Answer of Garnishee.**—Where a garnishee admits the possession of assets, but controverts their liability to the process, it is unnecessary that the plaintiff by affidavit controvert the answer in order to raise the question whether the assets are liable for the debt of the plaintiff.

4. **Negotiable Paper—Garnishment.**—When the writ of garnishment was served the garnishee had in his possession a check drawn in his name and by him indorsed to the defendant. The check had been obtained by garnishee as mode of payment to defendant of proceeds of a sale of land made by him. *Held*, that the facts did not show a payment by him, and that such interest as the defendant had in the check (proceeds of the sale) was subject to the proceedings.

5. **Costs—Garnishee Litigating.**—Where the garnishee by his answer becomes a litigant instead of merely disclosing the facts, he is not entitled to an attorney fee for making the answer.

APPEAL from Gillespie.    Tried below before Hon. ADOLPH RUNGE, Special District Judge.

No statement is necessary.

*A. W. Moursund,* for appellant.—1. The court erred in admitting in evidence the last will and testament of T. C. Doss, over objections of garnishee, appellant here.    Said will had never been probated.

2.    The answer of garnishee properly made under oath is to be taken for true and judgment rendered accordingly, unless such answer has been controverted under oath.    Rev. Stats., arts. 193, 211; Ellison v. Tuttle, 26 Texas, 283; Railway v. Terry, 50 Texas, 129; Plummer v. Rundlet, 42 Me., 365; Ball v. Young, 52 Mich., 476.

3.    An affidavit controverting only a special part of garnishee's answer does not affect or raise an issue as to any other part of the answer.

4.    A draft is not effects; and the holder of same can not be held as garnishee.    Price v. Brady, 21 Texas, 614.

*A. O. Cooley* and *West & McGown,* for appellee.—1. The court below did not err in admitting in evidence the will of T. C. Doss for the purpose of showing the interest of Alma Doss, the original defendant, even though said will was not probated, inasmuch as its existence and genuineness was not doubted, and said will was proved to have been executed by T. C. Doss, and in the possession and under the control of Mrs. Doss.    Ochoa v. Miller, 59 Texas, 463.

2.    The evidence in this case shows that the sale of the land, though it was a homestead, was voluntary, and hence the fund in garnishee's hand was not exempt.    Mann v. Kelsey, 71 Texas, 609; Kirby v. Giddings, 75 Texas, 679.

3.    The answer of the garnishee having been contested and trial had, and a moneyed judgment having been rendered against him, the court below should have adjudged that he pay all costs.    Rev. Stats., arts. 205, 219; Waples on Garnish., p. 384, et seq.

GARRETT, PRESIDING JUDGE, *Section B.*—There has been consolidated with this case, No. 7461, C. F. Priess, plaintiff in error, v. A. W. Moursund, defendant in error, which is a writ of error in the same case in which the appeal was taken, and presents cross-assignments of error by appellee. The two cases will be considered and disposed of together.

The suit below was a proceeding in garnishment, instituted against the appellant, A. W. Moursund, in the District Court of Gillespie County, September 28, 1889, by C. F. Priess, the appellee, who was plaintiff in a judgment obtained by him in said court, February 24, 1888, against Mrs. A. R. Doss, for the sum of $505.65 and costs of suit. Appellant was served with the writ October 3, 1889, and on February 20, 1890, answered:

1.  That he was not indebted.

2.  That he had no effects in his possession belonging to the said A. R. Doss, "excepting a check or draft for $550, drawn by the Bank of Fredericksburg on a bank at Austin, Texas, in favor of A. W. Moursund, and by him indorsed and transferred to said A. R. Doss on the 28th day of September, 1890, which check or draft garnishee avers was obtained with and represents a part of the purchase money paid by F. Sauer for 320 acres of land   *   *   *   conveyed by said A. R. Doss and her children Lillie Doss, Henry W. Doss, and William T. Doss to said F. Sauer; that of said 320 acres of land an undivided one-half was, prior to his death, the separate property of T. C. Doss, the father of said Lillie, Henry, and William T. Doss, and the other half the community property of said T. C. Doss, deceased, and the said A. R. Doss; that the land was sold for $950, and the interest of said A. R. Doss in said proceeds, less expenses of sale, amounted to $233.25, which said $233.25 was part of the money converted into said check or draft heretofore mentioned and exhibited.   Further, garnishee avers that he is informed and believes that said 320 acres had been and was at the time it was sold the homestead of said A. R. Doss," etc.

3.  That garnishee knew of no other person that was indebted or had effects in his hands belonging to said A. R. Doss.

4.  He charged, that the garnishment was sued out with full knowledge of the facts and with intent to vex and harass the garnishee and Mrs. Doss, and prayed damages in $100; and that he be discharged with costs, including an attorney fee of $25 for his answer.

Plaintiff filed an affidavit controverting the answer, stating that it was incorrect and insufficient, in the following particulars:

1.  That only 200 acres of the land could be claimed as a homestead, and that that had been long since abandoned as a homestead.

2.  That the proceeds of said sale were not exempt from liability if in fact the land was a homestead, etc.

Trial was had without a jury, February 22, 1890, and judgment was rendered in favor of the plaintiff for $409.04.

It appeared from the evidence, that the garnishee A. W. Moursund had sold the land at the request of Mrs. Doss to one Sauer, for the sum of $960.  Moursund, with $550 of the proceeds of said land, bought a draft, or bill of exchange, as follows:

"BANK OF FREDERICKSBURG.

"$550.        "FREDERICKSBURG, TEXAS, September 26, 1889.   .

"Pay to the order of A. W. Moursund $550.

"No. 3238.                    [Signed]   "TEMPLE D. SMITH.

   "*To First National Bank, Austin, Texas.*"

Indorsed:

"Pay Alma R. Doss.   A. W. MOURSUND."

One-half of the land was the separate property of T. C. Doss, the deceased husband of Mrs. A. R. Doss, and the other half belonged to their community estate.  T. C. Doss died in 1873, and left surviving him his wife and their three children, Lillie, Henry W., and William T. Doss.

It is unnecessary to inquire whether or not the land was the homestead of Mrs. Doss, because it was a voluntary sale thereof, and the proceeds were subject to garnishment.  Mann v. Kelsey, 71 Texas, 609.

Plaintiff introduced in evidence the will of T. C. Doss, to show that Mrs. Doss had a greater interest in the land than would appear from the proof as to her community interest and the heirship of the children. It was admitted, over the objection of the garnishee, that (1) it had never been probated; (2) it was not proved that the instrument was the will of T. C. Doss, nor had been ever executed by him under circumstances which would make it a valid will; (3) there was no evidence that Mrs. Doss had ever accepted under said will.

It will be sufficient to notice only the first objection.  The will offered in evidence purported to be the original will of T. C. Doss, executed in 1866, and was admitted, as shown by the bill of exceptions, because it was produced by the garnishee, who stated in open court that he received it either from Mrs. Doss or by her order from the county clerk of Gillespie County; and further, that the same was proved in open court upon the trial of the cause by O. Busse, one of the subscribing witnesses, who testified, that he saw T. C. Doss sign said instrument, and that he and the other subscribing witness, C. Busse, signed the same at the request of said T. C. Doss, as witnesses. A will can not be put in evidence without proof of probate in the proper court (Ochoa v. Miller, 59 Texas, 461); and the action of the court in admitting in evidence the will in question was clearly erroneous.

It is contended by the garnishee, that he should have been discharged, because that portion of his answer denying indebtedness to Mrs. Doss is not controverted; but that the answer is only controverted in the particular that showed that he had in his possession effects belonging to Mrs. Doss, namely, the draft.  The statute provides, that if it should appear from the answer of the garnishee that he is indebted to the defendant in any amount, the court shall render judgment for the plaintiff against the garnishee for the amount so admitted or found to be due to the defendant from the garnishee, unless the amount should be more than the debt, in which event it should be for the debt.  Rev. Stats., art. 205.  If the answer discloses an indebtedness, it is wholly unnecessary that it should be controverted; and the plaintiff in this case did not controvert, except in the particulars as to the exemption of the fund.

Appellant's answer showed that he had received $550, the proceeds of the sale of land owned by Mrs. Doss and her children, with which

he had bought the bill of exchange above set out. It is well settled that a chose in action is not subject to garnishment. Price v. Brady, 21 Texas, 614. But the collection of the money from Sauer for Mrs. Doss and her children by the garnishee created on its receipt by the garnishee a debt from him to Mrs. Doss for the benefit of herself and children. Was this debt discharged by the attempt to remit the money? Moursund paid the money to the Fredericksburg Bank, and received from the bank a draft on another bank with which to discharge his indebtedness. The draft was never sent nor collected, and the indebtedness remained. It was not discharged by the purchase of the draft payable to his own order. Again, if it should be urged that the indorsement of the draft to Mrs. Alma R. Doss put it into circulation as a negotiable instrument and rendered it a chose in action not subject to garnishment, the answer would be that Moursund became indebted to Mrs. Doss by his indorsement of the draft, which was payable on presentation, with a reasonable time within which to present it. Although Moursund, under this view of the case, may have held the draft as the trustee of Mrs. Doss, still it was in his possession, and there was no possibility of its falling into the hands of an innocent purchaser before maturity, so as to render him liable to pay the same twice.

We are of the opinion, that Moursund's answer disclosed an indebtedness by him to Mrs. Doss and her children, or to Mrs. Doss for the use of herself and children in proportion to their several interests in the land that was sold. The children were entitled to their full undivided interests in the fund, and the plaintiff was not entitled to have judgment against the garnishee for the full interest of Mrs. Doss in the entire proceeds of the land.

From the amount of the judgment rendered against the garnishee, it may be inferred that it was estimated from the interest Mrs. Doss would have taken in the land under the will, as the amount would have been much less if it had been estimated according to her interest as shown by the other testimony. It is evident that the court considered the provisions of the will in rendering judgment, therefore the admission of the will in evidence was error for which the case should be reversed.

By his answer in this case the garnishee became a litigant instead of merely stating the facts, and it was consequently error in the court to allow him a fee for preparing his answer. Carlisle v. Sommer, 61 Texas, 127. The garnishee not only assumed the burden of the contest, but pleaded in reconvention for damages.

With respect to costs which were taxed against the plaintiff, the statute is explicit that they should abide the issue.

The judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted May 10, 1892.