FIRST STATE BANK OF EMORY v. ALLEN.

(Court of Civil Appeals of Texas. Dallas. Oct. 19, 1912.)

HOMESTEAD (§ 80*)—JUDGMENT—VENDOR AND PURCHASER.

Where a judgment debtor sold his home, before the filing by the judgment creditor of an abstract of his judgment obtained in justice court in the office of the county clerk, and bought 80 acres of land, part of which was deeded to him before the filing of the abstract and part afterwards, and which he intended to be his homestead, and although he did not deliver a deed to his former property until after filing of the abstract, yet it will be held that the 80 acres was the judgment debtor's homestead, and the judgment was not a lien thereon.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 112, 113; Dec. Dig. § 80.*]

Appeal from District Court, Rains County; R. L. Porter, Judge.

Action by the First State Bank of Emory against Charley Allen. Judgment for defendant, and plaintiff appealed. Affirmed.

Carter & Hunt, of Emory, for appellant.

RAINEY, C. J. This suit was brought by appellant bank against appellee Allen to subject 80 acres of land owned by Allen to the payment of a judgment for $83.98, interest and costs, in favor of the bank, which had been duly abstracted and recorded with the county clerk of said county. Allen resisted said proceeding on the ground that said land was his homestead. A trial was had before the court without a jury, and judgment rendered for Allen, and the bank appeals.

No statement of facts is found in the

record, but the conclusions of fact as found by the court are embraced therein, which we adopt, and are as follows, to wit: "Having been requested by plaintiff to file findings of fact and conclusions of law in this case, I find as matters of fact that on the 31st day of July, 1911, plaintiff recovered a judgment in the justice court of precinct No. 1 of Rains county, Tex., against the defendant for $83.98, and that execution issued thereon September 6, 1911; that on October 23, 1911, plaintiff had filed a correct abstract of said judgment in the office of the county clerk of said Rains county, and that the same was properly recorded and.indexed; that prior to the filing of said abstract Mrs. Gilbreath deeded to defendant 40 acres of land in said Rains county improved, which the defendant intended to occupy as his homestead, and that three days after the filing of said abstract one Stricklin and wife deeded to defendant another 40 acres of land improved, joining the first-named 40 acres in Rains county, which last-named 40 acres defendant intended as an addition to the first-named 40 acres, also to be used as part of his homestead; that prior to the buying of said two 40-acre tracts defendant owned a home of 70 acres, which he sold, for which he realized $416, and the purchaser thereof assuming outstanding lien, vendor's lien, upon the 70 acres, but did not make the deed thereto until after the filing of said abstract; that defendant paid $250 cash, and gave his notes for $250 for said first-named 40 acres, and that he paid $150 cash and gave his notes for $350 for the last-named 40 acres. I further find that plaintiff sold his former home with the intention of making said two 40-acre tracts as his home. R. L. Porter, District Judge."

We are of the opinion that under the foregoing facts said 80 acres of land constituted Allen's homestead, and the trial court did not err in holding that said judgment was not a lien on said land.

The judgment is affirmed.