GRAHAM NAT. BANK v. FIRST NAT. BANK
et al.

No. 12606.

Court of Civil Appeals of Texas. Fort
Worth.

Jan. 23, 1932.

Rehearing Denied Feb. 13, 1932.

Marshall & King, of Graham, for appellant.

Fred T. Arnold and Thomas G. Binkley, both of Graham, and W. L. Scott, of Fort Worth, for appellees.

DUNKLIN, J.

The Graham National Bank has prosecuted this appeal from a judgment denying it a recovery against the First National Bank of Graham, as garnishee. The purpose of the suit in garnishment was to subject a negotiable promissory note made payable to Mrs. Fannie Hill, wife of W. A. Hill, to the payment of a judgment which the plaintiff recovered against W. A. Hill in the main suit. It was alleged in the answer of the garnishee that it held the note for collection and that it recited on its face that it was the separate property of Mrs. Fannie Hill, but that the garnishee did not know whether it was in truth and fact her separate property or the community property of Mrs. Hill and her husband, W. A. Hill. There was a further allegation that the note was payable in installments, and that the garnishee had collected on one installment the sum of $2.32, which had been deposited in the garnishee bank to the credit of Mrs. Fannie Hill; and further that the note was for the principal sum of $1,000, payable in monthly installments of $50 each, and secured by a vendor's lien on certain real estate. The garnishee further alleged that it held the note and the sum collected thereon subject to the orders of the court to be turned over to such persons as may be entitled thereto.

Upon the trial the facts so alleged were proven by uncontroverted evidence.

In reply to the answer of the garnishee, the plaintiff filed a plea controverting the answer of the garnishee, alleging that the note in controversy represented a portion of the proceeds of the sale of the former homestead of W. A. Hill and Fannie Hill, made more than six months prior to the service of the writ of garnishment; that the note belonged to the community estate of W. A. Hill and his wife, Fannie Hill, and was made payable to her in order to defeat the creditors of said community estate by thus concealing the true title.

In reply to that pleading of the plaintiff, W. A. Hill, defendant in the original suit in which the writ of garnishment was sued out, filed a pleading denying that the note belonged to the community estate of himself and his wife, as alleged by the plaintiff; and expressly alleging that the note in controversy was given by Lily Mae Gregg in part payment for certain real estate sold to her; that in the purchase of said property by the defendant and his wife, $1,000 was paid thereon out of the separate estate of Mrs. Fannie Hill; that the property was sold

to Mrs. Gregg for the sum of $2,000, of which amount $1,000 was paid in cash, and the balance in the note in controversy. That the cash so realized was taken by the defendant and the note was made payable to his wife as her separate estate by reason of the fact that that amount of her separate money had been invested in it.

That pleading was duly verified by the defendant W. A. Hill.

Mrs. Fannie Hill also filed a pleading as an intervener, likewise controverting the plea of the plaintiff and expressly alleging the facts substantially the same as had been alleged by her husband in his pleading already noted. That pleading was likewise verified by Mrs. Fannie Hill, but her husband was not joined with her in the pleading she filed.

The trial was before the court without a jury, who rendered a judgment denying plaintiff any relief upon findings made and recited in the judgment that the note and the amount collected thereon by the bank belonged to the separate estate of Mrs. Fannie Hill and therefore not subject to garnishment to pay the judgment recovered against her husband, W. A. Hill.

■ There is no merit in the appellant's contention that the plea of intervention filed by Mrs. Hill was subject to a general demurrer because her husband was not joined in that pleading, since the husband did file a separate plea alleging the same facts as alleged in the intervention and making the same claim that the note in controversy belonged to the separate estate of Mrs. Fannie Hill; thus joining her, in effect. Furthermore, it is provided by article 1983, Revised Civil Statutes 1925, that the husband may sue either alone or jointly with his wife for the recovery of the separate property of the wife.

In Price v. Brady, 21 Tex. 614, it was held that a negotiable instrument is not the character of property which can be reached by garnishment. In Moursund v. Priess, 84 Tex. 554, 19 S. W. 775, 776, it was said: "It is well settled that a chose in action is not subject to garnishment. Price v. Brady, 21 Tex. 614."

In Carter Bros. v. Bush, 79 Tex. 29, 15 S. W. 167, 168, the following was said in an opinion by Justice Gaines: "We do not wish to be understood as holding that the choses in action in the hands of the appellee are subject to garnishment. It is settled that they are not. White Sewing-Mach. Co. v. Atkeson, 75 Tex. 330, 12 S. W. 812, and cases cited."

See, also, 28 Corpus Juris, p. 160, and other Texas decisions cited in note on page 161.

■ Furthermore, the note being a part of the consideration for the sale of the homestead of W. A. Hill and wife, it was exempt from creditors at the time of the sale even if the homestead sold had belonged to the community estate, and the husband had the right to have the note given in part payment therefor made payable to the wife as her separate estate even as a present gift, to the exclusion of any creditor of the community estate; and the exercise of that legal right could not give rise to the cause of action asserted by plaintiff on the plea that the same was done for the fraudulent purpose of defeating the collection of a debt owing by W. A. Hill but for which his wife was not liable.

The homestead was exempt from forced sale under our Constitution and statutes. Texas Constitution, art. 16, § 50; Texas Civil Statutes, art. 3832. And article 3834 reads: "The proceeds of the voluntary sale of the homestead shall not be subject to garnishment or forced sale within six months after such sale."

Also see Watkins v. Davis, 61 Tex. 414; Cameron v. Fay, 55 Tex. 58; Ellis v. Light (Tex. Civ. App.) 73 S. W. 551; Bank v. Allen (Tex. Civ. App.) 150 S. W. 747.

In 1 Texas Jur., p. 627, the following is said with a citation of many decisions supporting the text: "It is elementary that injury without wrong, or, as the Latin phrase runs, damnum absque injuria, is not actionable. In other words, to give a right of redress there must not only be an injury or loss but it must have been occasioned by the commission of a legal wrong, that is, a violation of legal right and a breach of legal duty."

And we quote further from the same text on pages 628, 629: "It is a general rule that the motive with which a person acts or with which an injury is inflicted is not material in determining the existence of a cause of action. Accordingly one may exercise a legal right regardless of the motive actuating him, and the fact that an act not otherwise amounting to a legal injury is done with evil intent or improper motives does not render it actionable."

See, also, 1 R. C. L. p. 319.

Unquestionably, the legal title to the note stood in the name of Mrs. Fannie Hill and as her separate property and was so vested with the consent and at the instance of her husband as well as herself; and their uncontroverted testimony showed that the note was so drawn in order to reimburse Mrs. Hill for her separate means in the same amount as the note which had been paid as a part of the purchase money for the homestead when it was acquired by W. A. Hill. Even in the absence of such an understanding, the taking of the note in controversy made payable to Mrs. Hill as her separate property, as between them, would have operated as a valid gift of funds which W. A. Hill had the legal right to make to the exclusion of plaintiff's claim, because plaintiff had no right in law or equity to have the same applied to its

debt; as is well established by such decisions as Wood v. Chambers, 20 Tex. 247, 70 Am. Dec. 382; Cox v. Shropshire, 25 Tex. 113; Willis v. Mike, 76 Tex. 82, 13 S. W. 58; Lewis v. Goldthwaite Nat'l Bank, 36 Tex. Civ. App. 437, 81 S. W. 797 (writ refused).

Aside from the foregoing conclusions, which we believe definitely refute plaintiff's alleged right of recovery, the finding of facts by the trial judge, in refusing to sustain the plaintiff's allegations that making the note payable to Mrs. Hill was for the purpose of defrauding creditors of W. A. Hill, cannot be disturbed by us.

Article 4622, Rev. Civ. Statutes, provides that funds on deposit in a bank in the name of a husband or wife are presumed to be the separate property of the one in whose name the deposit is made regardless of who made the deposit. The burden of proof was on plaintiff to overcome that presumption, and the finding by the trial court of a failure to discharge that burden has sufficient support in the evidence. McCutchen v. Purinton, 84 Tex. 603, 19 S. W. 710.

Since the note was the separate property of the wife, it follows necessarily that the $2.32 collected by the bank thereon and placed to her credit was likewise so.

All assignments of error are overruled, and the judgment affirmed.