

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

June 21, 1966

Honorable T. J. Rodgers
District Attorney
Young County
Graham, Texas

Opinion No. C-714

Re: Under Article 14.21, V.C.S.,
Taxation-General, what is
the authority of the County
Judge to act as agent or
representative of the
Comptroller of Public
Accounts and related
questions?

Dear Mr. Rodgers:

You have requested an opinion of this office on the following questions:

"1. Under Article 14.21 what is the authority of the county judge to act as agent or representative of the Comptroller of Public Accounts? Is it necessary that the county judge be designated in writing as such by the Comptroller?

"2. Under Article 14.22 may the county judge designate a representative in a bank, safe deposit company or other institution having possession and control of papers of a decedent as his agent or representative to turn over a will, deed or insurance policies to the representative of the decedent's estate?

"3. Does a will delivered to the clerk of the probate court have to be filed by the clerk and retained in his possession until application for probate is made? If there is no necessity for probating the will, but is filed only as a muniment of title, is the clerk still required to retain same in his possession and what record, if any, is made of it?"

Article 14.21, Vernon's Civil Statutes, Taxation-General, reads in part:

"No safe deposit company, trust company, corporation, bank or other institution, person or persons, having in possession or under control

securities, deposits, or other assets belonging
to a decedent, who was a resident or non-resident,
or belonging to such a decedent and one or more
persons, shall deliver the same to the executors,
administrators, heirs, or legal representatives
of said decedent, or to the survivor or survivors
when held in the joint names of a decedent and
one or more other persons, or upon their order
or request, unless notice of the time and place
of such intended delivery or transfer be served
upon the Comptroller at least ten (10) days
prior to said delivery of transfer, and delivery
to be made only in the presence of the Comptroller
or his duly authorized agent, who may be the
County Judge of the county in which said transfer
transpires, unless the Comptroller, in writing,
consents to the transfer without his presence.
And it shall be lawful for the said Comptroller,
or his representative, to examine all of said
securities, deposits, or assets at the time of
such delivery or transfer. . . ."

The statute provides that the County Judge may act
as the agent of the Comptroller if so authorized by the Comptroller.

Agency has been defined by the Texas courts:

"Agency is a legal relationship which is
based upon a contract, express or implied, of the
parties or created by the law, by virtue of which
one party is employed and authorized to act for
another. The party so employed is the agent and
the one who so employs him is the principal. . . ."
Great Southern Life Insurance Co. v. Williams, 135
S.W.2d 241 (Tex.Civ.App. 1939, error dism., judgm.
cor.); Hawkins v. Murphy & Bolanz, 112 S.W. 136
(Tex.Civ.App. 1908, error dism.).

Since the statute provides that the County Judge "may"
be the Comptroller's authorized agent, the County Judge does
not automatically become the Comptroller's agent for the purposes
of Article 14.21. The agency is not created by law since the
County Judge is not required to act as the Comptroller's agent.
Consequently, the laws of contract are applicable; and there must
be an offer and acceptance to act as Agent, Amber Petroleum Co.
v. Beech, 111 S.W. 668 (Tex.Civ.App. 1908, no writ history).
Although written authorization to act as the Comptroller's agent
is not required by Article 14.21, it would be good practice to
acquire such authorization in writing from the Comptroller.

Hon. T. J. Rodgers, page 3 (C-714)


Article 14.22, Vernon's Civil Statutes, Taxation-General, reads as follows:

"When it is made to appear to a County Judge in this State that a safe deposit company, trust company, bank, person, or corporation has in its possession or under its control, papers of a decedent of whose estate such court has jurisdiction, or that the decedent has leased from such a corporation a safe deposit box, and that such papers or such safe deposit box may contain a will of the decedent, or a deed to a burial plot in which the decedent is to be interred, or a policy of insurance issued in the name of the decedent and payable to a named beneficiary, he may make an order directing such deposit company, trust company, bank, person, or corporation to permit a person named in the order to examine such papers or safe deposit box in the presence of himself, or his duly authorized representative, or a representative of the Comptroller, and an officer of such safe deposit company, trust company, bank or corporation, or agent of such person, and if such documents are found among such papers, or in such box, to deliver said will to the clerk of the probate court of such county, or said deed to such persons as may be designated in such order, or said policy of insurance to the beneficiary named therein. The Clerk of said court shall furnish a receipt upon the delivery of the will to him." As amended Acts 1965, 59th Leg., p. 830, ch. 402, § 7; eff. July 1, 1965.

Article 14.22 comprehends the presence of three separate individuals, the person named in the order to examine the papers of a decedent or safe deposit box; an officer of the safe deposit company, trust company, bank or corporation, or agent of such person; and the county judge, or his authorized representative, or a representative of the Comptroller. Pursuant to the statute, the person designated in the order to examine the papers of a decedent or safe deposit box must do so in the presence of the other two individuals and then deliver the enumerated papers so found to parties designated by the statute. There is nothing in the statute which would prohibit the person designated to examine the papers of a decedent or safe deposit box from being an officer or employee of the safe deposit company, trust company, bank or corporation; however, such person may not at the same time also serve as the County Judge's representative or act in behalf of the holder.

In answering your third question, we must look to Article 1942, Vernon's Civil Statutes, and Section 71(e) of the Texas Probate Code.

Article 1942 reads as follows:

"They /county clerks/ shall be keepers of the records, books, papers and proceedings of their respective courts in civil and criminal cases and in matters of probate, and see that the same are properly indexed, arranged and preserved, and shall perform such other duties in that behalf as may be by law imposed on them."

And Section 71(e), Texas Probate Code, reads as follows:

"If there shall be submitted to the /county/ clerk an affidavit to the effect that the testator of any will deposited with the clerk has died, or if the clerk shall receive any other notice or proof of the death of such testator which shall suffice to convince him that the testator is deceased, the clerk shall notify by registered mail with return receipt requested the person or persons named on the indorsement of the wrapper of the will that the will is on deposit in his office, and, upon request, he shall deliver the will to such person or persons, taking a receipt therefor. If the notice by registered mail is returned undelivered, or if a clerk has accepted a will which does not specify on the wrapper the person or persons to whom it shall be delivered, the clerk shall open the wrapper and inspect the will. If an executor is named in the will, he shall be notified by registered mail, with return receipt requested, that the will is on deposit, and, upon request, the clerk shall deliver the will to the person so named as executor. If no executor is named in the will, or if the person so named is deceased, or fails to take the will within thirty days after the clerk's notice to him is mailed, or if notice to the person so named is returned undelivered, the clerk shall give notice by registered mail, with return receipt requested, to the devisees and legatees named in the will that the will is on deposit, and, upon request, the clerk shall deliver the will to any or all of such devisees and legatees."

Section 75, Texas Probate Code, and Section 14.22, Vernon's Civil Statutes, require the delivery of the will to the clerk after the death of the testator. Section 71, Texas Probate Code, is concerned with the depositing of the will with the clerk during the testator's lifetime. Even though the two former statutes do not indicate whether the clerk may return the will after filing, it is the opinion of this office, in the light of Section 71(e), that the will once filed with the clerk, may, thereafter, be delivered to the executor, or the devisees or legatees under the will prior to probate. All wills delivered to the clerk under the above statutes must be numbered in consecutive order and indexed. In the absence of a request for delivery of the will by one of the above parties, it is the clerk's duty under Article 1942 to retain and preserve the will.

As concerns the second part of your third question, it must be pointed out that a will may not be used as a muniment of title unless it has been probated, Ochoa v. Miller, 59 Tex. 460 (1883); Moursund v. Priess, 84 Tex. 554, 19 S.W. 775 (1892); White v. White, 142 Tex. 499, 179 S.W.2d 503 (1944).

Section 89 of the Texas Probate Code allows the probating of wills as Muniments of Title.

". . . In each instance where the Court is satisfied that a will should be admitted to probate, and where the Court is further satisfied that there are no unpaid debts owing by the estate of the testator, excluding debts secured by liens on real estate, or for other reason finds that there is no necessity for administration upon such estate, the Court may admit such will to probate as a Muniment of Title."

If the will is probated as a Muniment of Title, Section 90 of the Texas Probate Code applies.

Section 90 reads as follows:

"All original wills, together with the probate thereof, shall be deposited in the office of the county clerk of the county wherein the same shall have been probated, and shall there remain, except during such time as they may be removed for inspection to another place upon order by the court where probated. If the court shall order an original will to be removed to another place for inspection, the person removing such original will shall give a receipt therefor, and the clerk

of the court shall make and retain a copy of such original will." Acts 1955, 54th Leg., p. 88, ch. 55.

Since the foregoing cases and statutes indicate that a will must be probated before it may be used as a muniment of title, a will used as a muniment of title should be filed, probated, and recorded as in the case of normal probated wills and retained accordingly.

## S U M M A R Y

The County Judge is not required by statute to act as the Comptroller's agent under Section 14.21, Vernon's Civil Statutes, but may be his agent if authorized.

In accordance with Section 14.22, Vernon's Civil Statutes, the person designated in the County Judge's order to examine the papers and safety deposit box of a decedent may be an officer of the bank, safe deposit company or other institution having possession and control of the papers of the decedent. However, the person so designated may not at the same time serve as the County Judge's representative or act in behalf of the holder.

All wills delivered to the clerk under either 14.22 or the Texas Probate Code must be numbered in consecutive order and indexed. In the absence of a request to deliver the will of the decedent to the executor or devisees or legatees under the will, it is the clerk's duty under Article 1942, Vernon's Civil Statutes, to retain and preserve the will.

A will may not be used as a muniment of title unless probated; and once probated, Section 90 of the Texas Probate Code requires the county clerk to retain possession of the original will, and probate thereof, in the absence of a court order

allowing the probated will to be removed to another place for inspection.

Very truly yours,

WAGGONER CARR
Attorney General

By:
    Wade Anderson
    Assistant

WA:ml

APPROVED
OPINION COMMITTEE:

W. V. Geppert, Chairman
Pat Bailey
James McCoy
Gordon Cass
Bill Allen
Marietta Payne

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright