FIRST NATIONAL BANK IN DALLAS,
Appellant,

v.

Hugh W. LAMPMAN, Appellee.

No. 4297.

Court of Civil Appeals of Texas.

Eastland.

June 13, 1969.

Rehearing Denied July 11, 1969.

Coke & Coke, Charles R. Haworth, Dallas, for appellant.

Andress, Woodgate & Hartt, William Andress, Jr., Dallas, for appellee.

COLLINGS, Justice.

Hugh W. Lampman originally brought suit against Dozier Productions, Inc., a corporation, on November 22, 1967, and on the same day sued out and obtained service of a writ of garnishment on the First National Bank in Dallas, requiring the bank to disclose any indebtedness it owed the defendant corporation or any effects of the corporation which the bank had in its possession. Lampman thereafter recovered judgment against the corporation for $5,-250.00. On December 18, 1967, the bank answered that during the garnishment period it was not indebted to the defendant corporation in any amount, that it had in its possession no effects belonging to the corporation and had no knowledge of any person being so indebted or having such possession. Lampman controverted the answer of the garnishee bank, asserting that during the time between service of the writ and the answer the bank had in its possession a certified check drawn by Goodbody and Company on the Bankers Trust Company of New York and payable to the order of Joy C. Dozier; that the check was in the amount of $11,030.64 and had been indorsed for deposit by Dozier Productions, Inc., and deposited and credited to the account of Dozier Productions, Inc.; that the garnishee bank delivered the check in question through channels to the drawee bank and then reacquired physical possession of the check from the drawee bank when the latter refused to pay same because of the lack of a proper indorsement; that the garnishee bank thereafter during the garnishment period delivered the physical possession of the check to Joy C. Dozier, the named payee therein and debited the amount of the check to the corporation. Motions for summary judgment by Lampman and by the bank were presented to and heard by the court. Summary judgment was rendered for Lampman against

the bank for $5,250.00, plus interest and costs. The bank has appealed.

It is undisputed that Dozier Productions, Inc., was engaged in booking and producing concerts by leading musicians; that the corporation made deposits in the appellant bank on deposit slips which ordinarily showed the source of the funds deposited; that on November 17, 1967, the corporation deposited in its corporate account in such bank a check payable to Joy C. Dozier issued by Goodbody & Company in the amount of $11,030.64 indorsed by a rubber stamp reading, "pay to the order of First National Bank in Dallas For Deposit Only Dozier Productions, Inc." Accompanying the deposit of the check was a deposit slip upon which there appeared in the handwriting and signature of Joy C. Dozier, "Loan from personal funds, Joy Dozier Lowe" and "special—loan from personal funds." Joy Dozier Lowe and Joy C. Dozier are the same person and she will be referred to herein as Mrs. Dozier. At the time of such deposit the corporation physically delivered to the garnishee bank the check in question drawn by Goodbody & Company on Bankers Trust Company of New York payable to the order of Joy C. Dozier. The check, however, was not indorsed by Joy C. Dozier. In accordance with the contract between the corporation and the bank, customary banking procedure and with the statutes of the State of Texas the bank gave the corporation credit for the amount of the check subject to payment by the drawee bank, Bankers Trust Company of New York, on presentation. Appellant bank physically delivered the certified check through banking channels to the drawee bank and thereafter reacquired physical possession of the check from the drawee bank which refused to pay the check because of the lack of proper indorsement. The check did not bear the indorsement of the payee, Joy C. Dozier. These happenings occurred after service of the writ of garnishment and before the return day. The bank charged back to the corporation the amount of the dishonored check, thereby creating an overdraft in the corporation's account.

When the Goodbody check was returned by Bankers Trust, because of lack of proper indorsement, the bookkeeping department of appellant bank contacted Mrs. Dozier, the named payee of the check and told her that it had been returned because it was not properly indorsed, in that it did not bear her personal indorsement. Mrs. Dozier told the bank that the check was her personally owned property and that she would come to the bank to pick it up. On November 24, 1967, Mrs. Dozier did come to the bank and upon her request the check was delivered to her and she signed a receipt therefor. The appellant, garnishee bank, did not make a disclosure of such fact in its answer to the writ of garnishment.

Mrs. Dozier stated in her deposition that the check was her personal property and represented the proceeds of the sale of her personally owned stock by Goodbody & Company; that the indorsement of the check by Dozier Productions, Inc., was neither made by her nor at her direction, and that the check was deposited to the corporation's account through inadvertence and mistake and that she never intended to make a loan or gift of the check to the corporation, but that it was included by mistake with numerous other checks deposited to the corporation's account at that time.

The appellant bank presents points in which it contended that the court erred in granting the garnishor's motion for summary judgment and denying the bank's motion for partial summary judgment because (1) the undisputed facts show that the bank was neither indebted to nor in possession of any effects of Dozier Productions, Inc., that (2) the contingencies presented exonerated the bank from liability under the writ of garnishment and (3) that the court erred in granting garnishor's motion for summary judgment because fact questions existed concerning the ownership of the check in question and whether

value was given to Mrs. Dozier for the check.

Appellee, Lampman concedes that appellant bank was not indebted to Dozier Productions, Inc., during the garnishment period. Appellee also concedes the provisional nature of the credit given by the bank upon the deposit of the check, and the right of the bank to charge it back if the check did not clear. Appellee's complaint is that when the check did not clear, the bank disposed of the check by delivering it to Mrs. Dozier rather than giving appellee the right to acquire physical possession thereof. It is appellee's contention that although the bank was not indebted to the corporation during the garnishment period that the bank did have in its possession an "effect" belonging to the corporation, that is, the unindorsed check in question. Appellee asserts that the proper thing for the bank to have done was to have retained possession of the check, file an answer disclosing the circumstances, and secure from the court a determination of the rights of the parties. Appellee contends that when the bank failed to follow such procedure and to maintain the status quo it decided the rights of the parties at its own peril. Appellee asserts that the bank is therefore liable to appellee for the amount of his judgment against the corporation, and that the trial court did not err in so holding. We cannot agree with appellee's contention.

■ It was held under Article 4079, Vernon's Ann.Tex.Civ.St. and other accompanying articles that garnishment proceedings impound only those debts owing by the garnishee to the defendant and those effects in the hands of the garnishee. Hatley v. West Texas National Bank, Tex.Civ.App., 272 S.W. 571, reversed on other grounds Commission of Appeals, 284 S.W. 540. Article 4079 has been repealed but its provisions are now set out substantially in Rule 659, Vernon's Ann.Rules of Civil Procedure, and nothing in the rule is contrary to or inconsistent with the above noted holding in the Hatley case. See also Trinity Universal Insurance Co. v. Bellmead State Bank of Waco, 396 S.W.2d 163 (Tex.Civ.App.1965, ref. n. r. e.). As heretofore observed the sole basis of appellee's claim against the appellant bank is that the bank, at times material, had in its possession an "effect" belonging to the debtor Dozier Productions, Inc., to-wit, the check here under consideration. The nature and extent of the rights of a garnishor are stated in 26 Tex.Jur.2d 715, as follows:

"—he acquires no greater rights by service of the writ than the debtor would be able to assert and enforce in an action against the garnishee."

In 38 C.J.S. Garnishment § 176, at pages 394 and 395, it is stated that:

"—plaintiff by garnishment can acquire no greater rights against the garnishee than are possessed by the principal defendant. In other words, plaintiff is not to be placed in any better position, or the garnishee in any worse position, than he would be if defendant himself were enforcing his claim."

■ The record in the instant case shows that the check was payable to the order of Mrs. Dozier but was never indorsed by her. Not only did Mrs. Dozier fail to indorse the check but when such failure was called to her attention after it was returned to appellant bank she refused to indorse it and requested its return to her. Where a check is payable to order the indorsement of the payee, in addition to delivery, is necessary to pass title sufficient to support an action thereon, unless the party in possession otherwise shows ownership of the check. West v. Citizens State Bank of Wheeler, 140 S.W.2d 868 (Tex.Civ.App. 1940, dismissed, judgment correct); Bridewell v. Clay, 185 S.W.2d 170 (Tex.Civ.App. 1944, Ref.). The record in our opinion shows no other evidence of ownership on the part of Dozier Productions, Inc. The check could not be cashed without the indorsement of Mrs. Dozier and in any event, viewed in the most favorable light to ap-

**862**

pellee no more than a fact issue exists concerning the ownership of the check. Any claim that the corporation might have against the appellant bank or Mrs. Dozier is contingent upon the indorsement of Mrs. Dozier and at best uncertain. The undisputed facts do not present the certainty required to subject the bank to liability under the writ of garnishment and the court erred in rendering summary judgment for appellee. Uhlhorn v. Reid, 398 S.W.2d 169 (Tex. Civ.App.1965, ref. n. r. e.); Household Finance Corporation v. Reyes, 408 S.W.2d 739 (Tex.Civ.App.1966, writ dism.); First National Bank of Burkburnett v. Friend, 23 S.W.2d 482 (Tex.Civ.App.1929, no writ history).

■ Even if it should be assumed that the check was owned by the corporation the possession of appellant bank was for the purpose of collection and garnishment was not available. A person who has in his possession for collection promissory notes, checks or other choses in action of another cannot be held liable as garnishee in a suit against the owner thereof unless he has received payment of money thereon. Price v. Brady, 21 Tex. 614; Taylor v. Gillean, 23 Tex. 508; Tirrell and Another v. J. J. Canada & Wm. M. Rice, 25 Tex. 456; Graham National Bank v. First National Bank, 48 S.W.2d 358 (Tex.Civ.App.1932, writ ref.); Seguros Tepeyac, S.A., Compania Mexicana de Seguros Generales v. Maynard Bostrom and James L. Jernigan, 347 F.2d 168, 177 (Fifth Circuit 1965), rehearing denied 360 F.2d 154. For the reasons stated the court erred in granting appellee's motion for summary judgment and erred in denying the Bank's motion for partial summary judgment.

The judgment is reversed and judgment is rendered for appellant on its motion for the entry of a partial summary judgment as prayed. The cause is remanded for a determination of reasonable attorney's fees alone. Pennell v. United Insurance Co., 150 Tex. 541, 243 S.W.2d 572 (1951).