ISAAC W. ARTHUR v. W. C. BATTE ET AL.

1. INJUNCTION—GARNISHMENT.—An injunction will not be issued in aid of a garnishment sued out in the United States Circuit Court against a defendant sued in the State court upon the same debt.

2. CONFLICT OF JURISDICTION.—The jurisdiction of a State court to proceed to judgment and execution cannot be affected by subsequent garnishment proceedings in the United States courts.

3. PRACTICE.—The plaintiff in garnishment proceedings will not be allowed to interfere for the protection of such garnishee against others seeking to enforce by suit collection of such debt. It is the duty of the garnishee to protect himself against being compelled to pay his debt twice.

ERROR from Marion. Tried below before the Hon. J. D. McAdoo.

*Moseley & Sparks*, for plaintiff in error.

*Mason & Campbell* and *Moore & Shelley*, for defendants in error.

GOULD, ASSOCIATE JUSTICE.—The plaintiff in error, on July 29, 1871, brought this suit to enjoin the defendant in error, and the sheriff of Marion county, from further proceedings under an order of sale issued on a judgment rendered in the District Court of said county on May 19, 1871, in favor of defendant, Batte, against one W. V. Hughes.

The petition alleged that the plaintiff, Arthur, in the year 1867, recovered a judgment in the United States Circuit Court at Tyler against said Batte, as one of the sureties on a claim bond regularly forfeited, by which forfeiture it was alleged that said bond became of the force and effect of a judgment. That on the 4th day of May, 1871, plaintiff had sued out a writ of garnishment in said cause against W. V. Hughes, commanding him to appear and answer in said United States Circuit Court as to his indebtedness to said Batte. Service of said writ on Hughes was averred to have been had on the 15th of May, and that on the same day he answered, setting up facts showing his in-

debtedness to Batte, but setting up also the fact that suit had been brought against him by Batte on his demand, on November 26, 1869, and that said suit was still pending in the District Court of Marion county.

The rendition of judgment in favor of Batte against Hughes, on the 19th of May, 1871; that Batte had no other property or effects save said judgment out of which plaintiff's demand against him could be made; and that by allowing the sheriff to proceed to collect from Hughes and pay over to Batte the said judgment, plaintiff would lose the benefit of his writ of garnishment, are the other averments of the petition. The prayer was that said Batte and sheriff be enjoined from further proceedings under said order of sale "until the said answer of said Hughes be considered by said United States Circuit Court, and that if, upon hearing said answer, it shall be adjudged that said garnishee is liable to your petitioner by reason of his said indebtedness, that said injunction be made perpetual.

The injunction was dissolved, and the petition dismissed on motion of defendant, in which motion one E. W. Taylor, who had been allowed to intervene, claiming to have bought the judgment from Batte shortly after it was rendered, also united.

The main question in the case is, did the petition state facts sufficient to entitle plaintiff to an injunction. It is to be observed that the relief was claimed on account of and in assistance of the proceedings in garnishment. There were no allegations of fraud, or of other matters than those stated above. The garnishment was sued out long after suit had been brought against the garnishee in the District Court of Marion county. That court having first obtained jurisdiction, its right to proceed to judgment and execution could not be affected by subsequent garnishment proceedings in a different court. (Drake on Attachments, sec. 621; Wallace *v.* McConnell, 13 Peters, 151.) But at all events, whatever right the plaintiffs acquired by

virtue of the garnishment, might be enforced by the court from which the writ issued. If Hughes, after service of the writ, failed to make proper defense in the District Court, even if he made defense, and judgment was taken against him, unless it was properly so taken, it is not perceived that it would deprive plaintiff of his rights to have judgment against the garnishee, if he otherwise was entitled to it. It was for Hughes to take proper steps to protect himself from two judgments being rendered or enforced against him on the same demand. His failure to do so gave the plaintiff no right to do it for him.

But aside from this view of the case, we do not think the garnishment entitled the plaintiff to an injunction. In Price v. Brady, C. J. Hemphill remarks: " The court would probably hesitate long to give assistance beyond the statute to a creditor in garnishment · or attachment. The laws giving these summary proceedings have not been liberally construed. By processes of this character the estate of a debtor (it may be the whole of his estate) is appropriated, perhaps sacrificed, for the benefit of a single creditor, leaving others without remedy ; and courts might well refuse invocations to extend aid to such processes beyond the plain import of the law." (21 Tex., 620.)

Where a proper case is shown, a judgment creditor may claim the assistance of the equitable power of the court. (Taylor v. Gillean, 23 Tex., 516.) How far, if at all, the remedy afforded by the bankrupt law would affect the right of a mere creditor to equitable relief, it is not necessary to inquire; nor whether such relief would be extended against a debtor, where to do so would violate the spirit and object of the exemption laws. We think the petition insufficient, and that the case was therefore properly dismissed.

Under this view of the case, it is not necessary to discuss the propriety of allowing the intervention of Taylor.

The assignment that the cause was disposed of out of order is not supported by the record.

· It does not appear that the amendment of the motion to dismiss was objected to at the time, nor indeed that there was any error in obtaining it.

It is further assigned as error that the court, in its judgment, proceeded to reform the original judgment of Batte *v.* Hughes, by directing the manner in which the order of sale should be executed. This does not affect plaintiff in error, and is no ground for reversal.

The judgment is affirmed.

AFFIRMED.

[Justice MOORE, having been of counsel, did not sit in this case.]