## NOYES & FISH v. W. H. BROWN.

### No. 2637.

1. **Intervention.**—The right to intervene in a suit depends upon an interest in the subject of litigation held by the party seeking to intervene. See facts where held that no interest existed.

2. **Garnishment.**—This writ can not be extended beyond the point of reaching the effects of a defendant in the garnishee's hands.

3. **Same.**—The writ will not be aided by a court of equity.

4. **Same.**—It can not be made the basis of a proceeding not authorized by statute to obtain security for the payment of a judgment which may be obtained against the garnishee.

5. **Case in Judgment.**—Brown sued in attachment a lumber company. Noyes & Fisher, creditors of Brown, garnished the defendant, which becoming insolvent, its assets were placed in the hands of a receiver. Noyes & Fisher intervened in Brown's

suit. *Held*, that a dismissal of the intervention was proper, for want of interest by the intervenors in the litigation.

APPEAL from Upshur. Tried below before Hon. Felix J. McCord. The opinion states the case.

*C. A. Culberson*, for appellants.—The sixth error assigned is as follows, to-wit: "The court erred in dismissing the petition of intervention, and dismissing the suit on motion of plaintiff, because said petition of intervention states facts entitling intervenors to the relief prayed for, and plaintiff could not prejudice their rights by a voluntary dismissal of the suit."

1. The appellants have a specific lien upon the debt due Brown by the lumber company, and that debt is the subject matter of the suit. Rev. Stats., art. 191; Cottrell v. Varnum, 5 Ala., 229; Wallace v. McConnell, 13 Pet., 151; 2 Wade on Att., sec. 338; Drake on Att., sec. 453, and note 3; Taylor v. Adair, 22 Ia., 279; Stich v. Dickinson, 38 Cal., 608.

2. Appellants having a lien on the debt and an interest therein, which debt is the subject of controversy, they may intervene and prosecute the suit to judgment to the extent of their claim and lien. Legg v. McNeill, 2 Texas, 428; Garrett v. Gaines, 6 Texas, 435; Field v. Gantier, 8 Texas, 74; Chandler v. Fulton, 10 Texas, 2; Graves v. Hall, 27 Texas, 148; Mussina v. Goldthwaite, 34 Texas, 125; Taylor v. Adair, 22 Ia., 279; Crone v. Brann, 23 Minn., 239; Yuba County v. Adams, 7 Cal., 37; Davis v. Eppinger, 18 Cal., 379; Speyer v. Ihmels, 21 Cal., 287; Coghill v. Marks, 29 Cal., 673; Summers v. Hutson, 48 Ind., 228; Bank v. Bowman, 15 La. Ann., 272; Walker v. Simon, 21 La. Ann., 669; Taylor v. Boedicker, 22 La. Ann., 79; Marsh v. Green, 79 Ill., 387; Coffey v. Greenfield, 55 Cal., 383.

3. Appellants being lien creditors, and their purpose being to participate in the fund held by the court, construed in connection with the insolvency of Brown and the lumber company and the absence of any other adequate remedy, they could lawfully intervene without first obtaining judgment. Under such circumstances equity will aid the process of garnishment. Wait on Fraud. Con., sec. 83; Turner v. Adams, 46 Mo., 95; Tabb v. Williams, 4 Jones' Eq₁, 352; Trust Co. v. Railway, 21 Fed. Rep., 264; In re Howard, 9 Wall., 175; Mellen v. Iron Works, 131 U. S., 352; Taylor v. Gillean, 23 Texas, 508.

4. Having intervened, the right of appellants to prosecute the suit could not be prejudiced by a voluntary dismissal of the suit by the plaintiff below. Field v. Gantier, 8 Texas, 74; Wright v. Neathery, 14 Texas, 211; Elliott v. Ivers, 6 Nev., 287; Poehlman v. Kennedy, 48 Cal., 201–8; Joliet I. & S. Co. v. Railway, 51 Ia., 304.

5. Appellants were entitled to avail themselves of the attachment lien

and to foreclose it.    Foote v. O'Roork, 59 Texas, 215; Stick v. Dickinson, 38 Cal., 608.

*N. W. Finley,* for appellee. — 1. The process of garnishment does not lie in favor of a third party against the defendant in an undetermined suit.    Trowbridge v. Means, 39 Am. Dec., 368; Waples on Attach., p. 218, *et seq.*

2.    Simple creditors without judgment or lien have no such interest in the subject matter of an original suit brought by the debtor against some third person as would entitle such creditors to intervene in such suit.    Meyberg & Wanglin v. Steagall & Co., 51 Texas, 354; Pool v. Sanford, 52 Texas, 633; Fleming v. Seiglison, 57 Texas, 524; Ryan v. Goldfrank, 58 Texas, 356; 54 Texas, 108; 51 Texas, 421; 2 Ct. App. C. C., sec. 120; Howe's Parties to Act., sec. 110..

HOBBY, Judge.—Whether the assignments are well taken depends, we think, upon the appellants' right to intervene in the suit of W. H. Brown v. The E. & W. T. Lumber Company.

Brown, the appellee here, had in June, 1888, sued the E. & W. T. Lumber Company upon a note for $5000, and caused an attachment to be levied upon the property of that company, which it appears was placed in the hands of a receiver, who sold the property, retaining the proceeds thereof.    In October, 1888, Noyes & Fish intervened in this suit, averring in their petition that Brown was indebted to them in the sum of $3388.50, by reason of the execution of certain promissory notes described; that he had failed in business; that they had attached his property, subject to prior attachments; that Brown was insolvent, and his property insufficient to pay the prior attachments, etc.; that they had exhausted every effort to find other property, and had found none save the debt of $5000 due Brown by the lumber company; that they had caused a writ of garnishment to be served upon said company to secure their debt against Brown; alleging further the indebtedness of the company to Brown, the suit brought by him against the company, the levy of the attachment therein on its property now in the hands of a receiver; that the company is insolvent, and unless the claim sued on by Brown is prosecuted to a judgment and collected in this suit it will be lost to both Brown and appellants, etc.    Such were the material averments contained in appellants' petition for intervention filed in the suit of Brown against the lumber company.

In November, 1888, the court house of Upshur County was destroyed by fire.

On January 11, 1889, appellants moved to substitute the papers lost by this fire.    This motion was granted by the court on the 12th of January, and at the same time an order was made allowing appellants to intervene,

subject to exceptions, etc. The papers substituted on this motion consisted of Brown's petition against the lumber company, and the affidavit and bond for attachment made by him therein, and appellants' petition for intervention. On January 16, 1889, appellee Brown also moved to substitute the papers in his suit so lost by fire. The motion was accompanied by certified copies of his petition, affidavit, and bond for attachment. This motion was concurred in by the lumber company and the receiver, but it was not verified by affidavit, and no notice was given appellants of the motion, nor was their petition for intervention substituted as one of the papers so lost. But the substituted papers were admitted by the lumber company and receiver to be correct.

There was a material difference between the papers substituted by appellants and those by appellee. The details of this difference it is not essential to state further than to say that those substituted by the latter afforded grounds for a motion to quash the attachment proceedings, which the former did not. On the day the motion to substitute, as well as the substitution of appellee, was made, the lumber company and the receiver moved to quash the attachment proceedings, which motion was sustained. On the day following the appellants filed two motions; one to set aside the order of substitution made on appellee's application, because they had no notice thereof; and one to vacate the order quashing the attachment, on the ground that the papers were not properly substituted, and because appellee had no interest in the suit, he having transferred the same on October, 1888, and that subsequent to the time intervenors' rights attached Brown conveyed all of his right and interest in the suit to one Mings and Williams & Co., with the intent to defraud appellants and to defeat the attachment, etc.

Brown moved to strike out the intervention of appellants, on the ground that they had no interest in the subject matter of the suit which gave them the right to intervene. Appellee also moved to dismiss the suit brought by him against the lumber company. These two motions were sustained, and appellants appealed.

The motions of appellants referred to were not heard.

It is claimed by appellee that appellants were simple creditors of Brown without lien, and that they had no interest in the subject matter of the suit between appellee and the lumber company which entitled them to intervene. Appellants, on the other hand, contend that the service of the garnishment on the lumber company to secure the debt due them from Brown constituted a specific lien on the debt, which was the subject matter of the suit between appellee and the lumber company.

As the proceeding by garnishment is purely statutory and is not known to the common law, it can not be pushed in its operation beyond the statutory authority under which it is resorted to. And if a lien exists, as claimed by appellants, it must be derived from the statute. Drake on

Att., sec. 451; Bigelow v. Andress, 31 Ill., 330.   Our statute creates no such lien.   This writ, it is said, " can not be extended beyond the mere point of reaching the defendant's effects in the garnishee's hands." Drake on Att., sec. 435b.   Neither will it be aided by a court of equity.

It will not be supplemented by injunction or other proceeding in equity; nor can a distinct proceeding not authorized by statute be based upon this writ, sued out to obtain security for the payment of the judgment, which may be recovered against the garnishee.   Drake on Att., sec. 454; Arthur v. Batte, 42 Texas, 159.

Appellants having no such interest in the subject matter of the suit between appellee Brown and the lumber company as entitled them to intervene upon the grounds alleged in their petition, there was no error in dismissing their petition for intervention.   It follows from this that they could not have been prejudiced by the substitution of the papers by appellee Brown without notice, nor by the judgment quashing the attachment and dismissing the suit originally brought by appellee against the lumber company.

There being no error in the record, we think the judgment should be affirmed.

*Affirmed.*

Adopted December 17, 1889.