BECHTOL v. BECHTOL et al.

(Third Division. Fairbanks. May 8, 1905.)

No. 218.

1. PARTIES—INTERVENTION—PETITION.

A petition or complaint in intervention must state facts sufficient, if admitted, to support a decree for intervener.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Parties, § 72.]

2. DOWER—PROPERTY.

Since the adoption of the Alaska Codes, June 6, 1900, a wife has no inchoate or other dower interest in the real property belonging to her husband (1) until her husband's death, and then (2) only in lands whereof he died seised of an estate of inheritance.

3. SAME—MINES AND MINERALS.

The wife has no dower interest in a placer mining claim sold by the husband during his lifetime. A husband's interest in a mining claim is not subject to any possible incumbrance of the wife by way of dower.

[Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Dower, § 23.]

Motion by Rosalind H. Bechtol for leave to intervene in this action. Her motion alleges that she and Charles W. Bechtol, one of the defendants, and the son of the plaintiff herein, were married on December 22, 1904, and continued to live together as husband and wife until April 17, 1905, when by the advice and procurement of his father her husband abandoned her, leaving her without any means of support, and has gone to parts unknown.

The records in this case show that plaintiff brought this action against his son to establish a trust in certain placer mining claims purchased by the son with the father's money. The son in his answer admits the purchase with the father's money, but alleges that there was an agreement that he should have a half interest with his father for his services in locating and purchasing and working the mine. This agreement is denied by the father in his reply. The reply was filed and the issues settled on April 13, 1905. Intervener's motion alleges:

"That afterwards, and on April 14, 1905, the plaintiff, John G. Bechtol, and her husband, the said Charles W. Bechtol, conspiring together and with the express purpose in view of cheating and defrauding the said Rosalind H. Bechtol out of her inchoate rights of dower and heirship as the wife of said Charles W. Bechtol, executed, and procured to be executed and delivered, a deed of an undivided three-fourths' interest in and to said mining ground from said Charles W. Bechtol to said John G. Bechtol, such three-fourths' interest being all the estate that said Charles W. Bechtol had in said mining ground and being all the property that he owned."

Intervener alleges that her husband abandoned her on April 17th, and on the 21st she began a suit against his father, John G. Bechtol, plaintiff in this action, for damages in the sum of $50,000 for alienating her husband's affections, for loss of his society, protection, and support. She asks leave to intervene in this action; that the deed from the son to the father be declared void as in fraud of her marital rights, because "executed for the express purpose of defeating her inchoate rights

of dower and as heir" of her husband. Plaintiff objects to leave being granted, upon the ground that upon the face of her application it appears that it does not state a cause of action, and moves to dismiss the case.

Pratt & Johanson, for intervener and defendants.

McGinn & Sullivan, for plaintiff.

WICKERSHAM, District Judge. The petition or complaint in intervention must state facts sufficient, if admitted, to support a decree for intervener. Coffey v. Grenfield, 62 Cal. 602; Ward v. Healy, 114 Cal. 191, 45 Pac. 1065; Clapp v. Phelps, 19 La. Ann. 461, 92 Am. Dec. 545; Davis v. Sullivan, 33 N. J. Eq. 569; Noyes v. Brown, 75 Tex. 458, 13 S. W. 36; Empire Distilling Co. v. McNulta, 77 Fed. 703, 23 C. C. A. 415; French v. Gapen, 105 U. S. 509, 26 L. Ed. 951. Demurrer lies as to an original complaint. Fischer v. Hanna, 8 Colo. App. 471, 47 Pac. 303; Ragland v. Wisrock, 61 Tex. 391; Shepard v. Murray, 33 Minn. 519, 24 N. W. 291.

The principal question presented upon the demurrer to this application is, what inchoate right of dower or heirship has a married woman in Alaska in her husband's interest in a placer mining claim after location but before application for patent?

Lindley on Mines (2d Ed.) §§ 543, 544, briefly summarized the law touching the dower rights of married women in mines, and says:

"Of the precious metal-bearing states, no dower right whatever exists in California, Colorado, Idaho, Nevada, North Dakota, South Dakota, Washington, or Wyoming. In Montana a widow is entitled to the third part of all lands whereof her husband was seised of an estate of inheritance, and equitable estates are subject to such dower right. * * * The states of Oregon and Utah have dower laws similar to those of Montana. * * * The dower laws of Oregon have been adopted for Alaska."

This latter statement is not quite correct.

The seventh section of the act of Congress entitled "An act providing for a civil government for Alaska," approved May 17, 1884 (chapter 53, 23 Stat. 24), provides:

"That the general laws of the state of Oregon now in force are hereby declared to be the law in said district so far as the same may be applicable and not in conflict with the provisions of this act or the laws of the United States."

One of these general laws was that defining the dower rights of married women, the first section of which reads as follows:

"Sec. 2954. The widow of every deceased person shall be entitled to dower, or the use, during her natural life, of one-third part of all the lands wherof her husband was seised of an estate of inheritance at any time during the marriage, unless she is lawfully barred thereof." Volume 2, Hill's Ann. Laws Ore. 1892, p. 1345.

Congress, however, made a sweeping change in this section upon the adoption of the Alaska Civil Code by the act of June 6, 1900 (chapter 786, 31 Stat. 321). It was then amended to read as follows:

"Sec. 36. The widow of every deceased person shall be entitled to dower, or the use during her natural life of one-third part in value of all the lands whereof her husband died seised of an estate of inheritance." Carter's Ann. Alaska Codes, p. 363.

From 1884 to June 6, 1900, the wife, in Alaska, had (1) a continuing though inchoate dower interest in all the lands whereof her husband was seised of an estate of inheritance at any time during marriage; (2) of which she could be barred only by her deed of conveyance or other voluntary waiver; (3) which inchoate right matured into a fixed dower right upon her husband's death. Since the congressional amendment of June 6, 1900, she has no inchoate or other dower interest (1) until her husband's death, and then (2) only in the lands whereof her husband dies seised of an estate of inheritance. McNeer v. McNeer, 32 N. E. 681, 142 Ill. 388, 19 L. R. A. 256; Mitchell v. Violett, 104 Ky. 77, 47 S. W. 195. The title to the

lands in which the inchoate right of dower is claimed in this case was acquired by the husband long since June 6, 1900. The intervener has, therefore, no dower right, inchoate or otherwise, recognizable or enforceable by the decree of this court, until the death of her husband. Intervener also asserts an inchoate right of heirship in the mining claim. She has no inchoate or other interest as an heir of her husband's lands, until (1) his death, (2) without leaving lineal descendants. Section 168 Civ. Code; Carter's Ann. Alaska Codes, pp. 384, 385.

The dower right is asserted in this case to her husband's interest in a placer mining claim, sold and conveyed by the husband during his lifetime. This identical question arose in Montana under a statute identical in that regard with that in force in Alaska prior to June 6, 1900, and the Supreme Court of the United States held, flatly, that a wife has no dower interest in a mining claim sold by her husband during his lifetime; that a husband's interest in a mining claim is "not subject to any possible incumbrances of the wife by way of dower in the premises." Black v. Elkhorn Min. Co., 163 U. S. 445, 16 Sup. Ct. 1101, 41 L. Ed. 221. This decision states the general rule, which is decisive in this case—a wife in Alaska has no inchoate or other dower right in an unpatented mining claim held in the name of her husband, and conveyed by him during his lifetime.

The allegations of fraud and conspiracy in the application for intervention are barren, and do not aid it. They are asserted in support of a right which does not exist in favor of the intervener. In his memorandum brief counsel for intervener says:

"A person owning real estate may convey the same and pass his title thereto without reference to what his thoughts and purposes and intentions may be, except as against creditors and others who have some estate, interest, or right, vested or contingent, in or to such realty."

In this case the court holds that the application for intervention does not show that intervener has an estate, interest, or right, vested or contingent, in or to such realty; that it does not state a ground for intervention.   Whether or not she can, in a proper action for support or divorce, allege facts sufficient to support a decree to set aside the·sale as fraudulent need not be considered.   Gregory v. Filbeck (Colo.) 21 Pac. 489. What the court now decides is that she cannot have a decree declaring it void upon the claim of inchoate right of dower and heirship set up in her application.   Demurrer sustained, and judgment accordingly.