GULF NAT. BANK v. BASS et al.
(No. 5438.)

(Court of Civil Appeals of Texas. San Antonio. March 17, 1915. Rehearing Denied June 30, 1915.)

1. APPEAL AND ERROR ⟨⟳⟩101 — JUDGMENTS APPEALABLE—APPOINTMENT OF RECEIVER.

Where an order is entered dissolving a temporary injunction and denying the application for the appointment of a receiver, that part of the order refusing to appoint the receiver is not appealable; it being interlocutory, and not included within Rev. St. 1911, art. 2079, provid-

ing for an appeal from an interlocutory order appointing a receiver.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 681–687; Dec. Dig. ☞101.]

**2. GARNISHMENT** ☞120—**EQUITABLE AID TO WRIT—RECEIVERSHIP—INJUNCTION.**

Where a valid garnishment merely reaches a debt due by the garnishee, such garnishment will not be aided by the appointment of a receiver to collect the debt or the issuance of an injunction to restrain the debtor from assigning it.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 241, 242; Dec. Dig. ☞120.]

**3. PLEDGES** ☞56—**SALE OF COLLATERAL.**

Since the law does not require the doing of that which is useless, it is unnecessary to obtain an order to sell collateral, where such collateral was worthless, notwithstanding that the judgment upon which the order is based provided therefor.

[Ed. Note.—For other cases, see Pledges, Cent. Dig. §§ 152–183; Dec. Dig. ☞56.]

**4. CREDITORS' SUIT** ☞7—**GROUNDS OF REMEDY—GARNISHMENT.**

Since a creditors' bill will not lie to subject a chose in action to the payment of a debt except in cases of fraud, or a trust, a judgment creditor who has garnished a debt owing to the debtor from an executrix cannot invoke the aid of equity to restrain the debtor from assigning such claim.

[Ed. Note.—For other cases, see Creditors' Suit, Cent. Dig. §§ 3, 9–11; Dec. Dig. ☞7.]

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Action by the Gulf National Bank against C. L. Bass and others. From an order dissolving a temporary injunction and denying the application for the appointment of a receiver, plaintiff appeals. Affirmed.

Terrell, Walthall & Terrell, of San Antonio, for appellant. James Routledge, of San Antonio, for appellees.

MOURSUND, J. On November 28, 1914, appellant sued C. L. Bass and Luisa Wilhelmi, executrix of the estate of Dolores G. Wilhelmi, alleging: That on or about March 27, 1913, in the district court of Jefferson county, plaintiff recovered a judgment against C. L. Bass, T. H. Bass, and Mally Eastham for $3,468.33, with interest thereon at 8 per cent. per annum, together with costs amounting to $19.75; that execution was issued within 12 months from its date, and returned unsatisfied; that said judgment had not been appealed from, vacated, superseded, or satisfied either in whole or in part; that plaintiff is the sole owner of said judgment; that neither of the defendants therein has, within the knowledge of plaintiff, any property in this state subject to execution; that plaintiff has made diligent search to discover property out of which the judgment might be satisfied, but its efforts have been fruitless, except in this: (a) The defendant C. L. Bass has performed legal services for the former administrator and also for the present executrix of the estate of Dolores G. Wilhelmi, deceased, in connection with the affairs of said estate, and has filed in the county court of Bexar county his claim against said estate for his services, and upon a hearing and consideration of said claim the Hon. J. R. Davis, judge of said county court of Bexar county, approved the claim to the extent of $7,500, and thereupon duly entered an order in the records of said court fixing the amount to be paid defendant Bass as a second-class claim against said estate, a copy of said order being attached to the petition. (b) Plaintiff has had a writ of garnishment sued out against the executrix of said estate. Plaintiff further alleged that the approximate value of said estate is $60,000, and that it is informed and believes that all first-class claims against the estate have been paid and satisfied; that in due course of time the claim against Bass will be paid, and in justice and equity plaintiff should have its judgment satisfied out of the amount due defendant Bass by reason of the premises; that said Bass is now endeavoring to assign his said judgment against the estate to others, and if permitted to do so will thereby, in the judgment of affiant, remove said claim beyond the reach of his creditors in general, and this plaintiff in particular, and that unless restrained from so doing by the proper order of this court he will complete the assignment of the judgment, thereby defeating this plaintiff from the collection of its debts, and make it impossible for plaintiff to reach said claim or the proceeds thereof by any legal process whatever; that the said writ of garnishment was also issued against D. E. Potter and H. H. Shelton, parties to whom plaintiff is informed defendant Bass is endeavoring to sell said judgment; and that by the issuance and service of said writ affiant believes that plaintiff has obtained a fixed right in and to a sufficient part of said claim to pay its judgment, but plaintiff fears that in some way said Bass may assign said claim to others who may claim to be innocent purchasers, and thereby plaintiff's right to payment of its judgment out of said claim may be jeopardized or delayed, and plaintiff be thereby irreparably injured. Plaintiff prayed that a receiver for said fund be appointed who shall receive same when it is ready to be paid by said executrix, and that defendant Luisa Wilhelmi be required to pay such fund over to said receiver instead of to Bass; that Bass be enjoined from assigning or in any manner transferring said claim and fund or any part thereof or interest thereon pending the trial of this case; and that the receiver so appointed be required to apply a sufficient amount out of said fund to plaintiff's judgment to satisfy same and to pay the balance over to defendant Bass or other intervening creditors, and for general relief.

The court ordered the issuance of a writ of injunction "restraining and enjoining the defendant C. L. Bass from assigning or in

any manner transferring his claim against the estate of Dolores G. Wilhelmi, now being administered in the county court of Bexar county sitting in matters of probate, until the further order of this court."

On December 3, 1914 defendant C. L. Bass filed an answer consisting of a general demurrer, special exceptions, and allegations to the following effect: That the judgment against T. H. Bass, C. L. Bass, and Mally Eastham provided for an order of sale to be issued commanding the sheriff to sell 25 shares of stock of Union Trust Company of San Antonio, Tex., which shares had been pledged as security for the debt sued on; that the only process ever issued was an ordinary writ of execution; that the judgment was procured by fraud, accident, and mistake; that plaintiff in this suit knew, or ought to have known, the facts; and that this suit was brought by plaintiff maliciously for the purpose of harassing and oppressing defendant, by reason of which he prayed for the recovery of actual damages in the sum of $500 and exemplary damages in the sum of $5,000. T. H. Bass joined in the answer for the purpose of suing plaintiff for $8,000, and prayed that enough of said sum be offset against plaintiff's judgment to satisfy the same and that he (T. H. Bass) have judgment for the remainder.

Plaintiff filed a supplemental petition consisting of a general demurrer, various special exceptions, denials of the allegations in the answer, admitting however that no order of sale commanding the sale of the twenty-five shares of stock had ever been issued, but alleging that said stock was worthless upon the date of the judgment, and ever since has been worthless. Copies of the pleadings and motion for new trial, as well as answer thereto, in the original suit, were attached as exhibits.

On January 26, 1915, defendant C. L. Bass filed a motion to dissolve the temporary injunction. Plaintiff replied to this, alleging that, since the filing of the petition for injunction and receivership, the garnishment proceedings of the defendant Luisa Wilhelmi had been regularly transferred from the Fifty-Eighth district court to the court in which the injunction suit was pending.

On February 6, 1915, the court entered an order dissolving the temporary injunction and denying the application for the appointment of a receiver. This appeal is from such order.

[1] No formal assignments of error are presented, but appellant's contention is that it alleged a cause of action entitling it to the equitable relief prayed for, regardless of whether or not the garnishment proceeding had the effect of fixing a lien upon the funds in the hands of the executrix. No appeal is permitted by law from that part of the order refusing to appoint a receiver, the same being an interlocutory order. Articles 2079, 2080, R. S. 1911; Turner v. Turner, 47 Tex.

Civ. App. 392, 105 S. W. 237; Swearingen v. Swearingen, 165 S. W. 17. However, as the injunction was prayed for as a part of certain equitable relief sought to be obtained, it will become necessary, in deciding whether the injunction should have been dissolved, to consider whether as a part of the relief prayed for plaintiff was entitled to such injunction, which necessarily requires consideration of the question whether the petition and answer made a case entitling plaintiff to the equitable relief prayed for.

[2] As garnishment proceedings have been instituted for the purpose of subjecting the same fund to appellant's debt as is sought to be subjected thereto by the equitable proceedings prayed for, it becomes necessary to consider whether such proceedings affect the remedies sought to be obtained by invoking the aid of equity. It seems clear that, if the garnishment proceeding is effective to make the executrix liable to appellant if she pays the fund to appellee, such proceeding would not be aided in the least by merely restraining appellee from assigning the fund. Such assignment would not injure appellant's rights.

In the case of Noyes v. Brown, 75 Tex. 461, 13 S. W. 36, it was held that the writ of garnishment will not be aided by a court of equity; that it will not be supplemented by injunction or other proceeding in equity. This doctrine was approved in Cargill v. Kountze, 86 Tex. 395, 22 S. W. 1015, 25 S. W. 13, 24 L. R. A. 183, 40 Am. St. Rep. 853. See, also, Price v. Brady, 21 Tex. 620; Arthur v. Batte, 42 Tex. 161. To what extent this doctrine may be modified by our injunction statute as construed in the cases of Sumner v. Crawford, 91 Tex. 129, 41 S. W. 994, and S. W. T. & T. Co. v. Smithdeal, 104 Tex. 259, 136 S. W. 1049, need not be determined in this case, because, if the fund is subject to garnishment, the assignment thereof by appellee would not be prejudicial to appellant, and appellant would not be entitled, under the statute as construed in said cases, to an injunction in aid of the garnishment restraining appellee from making an assignment of the fund. Appellant contends that the rule so broadly stated in Noyes v. Brown was modified in the case of Carter Bros. v. Hightower, 79 Tex. 135, 15 S. W. 223, in which the court held that a simple creditor could not subject choses in action to the payment of his debt by means of receivership and injunction, and in discussing the case said:

"It is true that in a general sense a creditor who brings an action at law to recover a debt seeks to subject all of defendant's property to the payment of his claim. But he cannot obtain relief as against any particular article or class of property, unless a lien be acquired upon it by the levy of an attachment or the service of a writ of garnishment."

The court also stated, apparently with approval, that in Noyes v. Brown it was held that, even where a creditor has garnished a

chose in action belonging to a debtor, equity will not aid him to enforce it. We conclude that, if said case of Carter Bros. v. Hightower modifies the rule stated in Noyes v. Brown, such modification extends no further than that, in cases in which property of the debtor is reached by the writ of garnishment, circumstances may be shown which would entitle the creditor to invoke the aid of equity to preserve his rights in the property. When the writ. of garnishment reaches effects, the statute authorizes a judgment requiring the garnishee to deliver such effects to the sheriff to be sold in satisfaction of the judgment. Our courts have held that in such cases a lien or quasi lien similar to an attachment lien is created upon such effects. But this is a case in which a debt is sought to be reached by garnishment, and no lien is created thereon by service of the writ, but a money judgment may be taken against the garnishee (if the debt is subject to garnishment), which judgment is to be enforced like other judgments. Noyes v. Brown, supra; Wilson Hdw. Co. v. Duff, 54 Tex. Civ. App. 285, 117 S. W. 440; Bank v. Floeck, 17 Tex. Civ. App. 418, 43 S. W. 589; Focke v. Blum, 82 Tex. 436, 17 S. W. 770. In the last-cited case, it was held that a lien is created upon effects; but the court stated that it was important to bear in mind the distinction between cases in which he holds effects. The very nature of the relief obtainable under the statute against a garnishee who is merely a debtor shows that a court would be doing something unnecessary and futile if he appointed a receiver to collect the debt and granted an injunction restraining the debtor from assigning it. There is no warrant in our law for such relief in aid of a valid garnishment which merely reaches a debt due by the garnishee. But, if the court were given such power, its judgment refusing to exercise it would not be reversed, where it is not made to appear that the legal remedy needs to be supplemented.

In view of the fact that it is an open question in this state whether the appellee's claim against the estate of Wilhelmi is subject to garnishment, we must also consider whether appellant is entitled to the equitable remedies if his garnishment proceeding is without legal effect. If we decide that appellant would be entitled to equitable relief if the garnishment proceeding is of no effect, then we must pass upon the question whether the claim against the estate is subject to garnishment; but if we conclude that, regardless of whether or not the garnishment proceeding is effective, appellant could not be granted the remedies prayed for in this suit, it will not be necessary to decide questions which will arise in the garnishment suit. If the fund is not subject to garnishment, it cannot be contended that a fruitless effort to secure the payment of appellant's debt, by instituting garnishment proceedings, precludes appellant from invoking the equitable remedies sought to be obtained. The garnishment proceedings, if ineffective, would not place appellants in any worse position than they were before the writ was served. Carter Bros. v. Hightower, 79 Tex. 136, 15 S. W. 223.

[3] Under the equity rules relating to creditors' bills, a receiver could be appointed for the benefit of one creditor. Beach on Receivers, c. 19. The law does not require the doing of that which is useless. Therefore it was unnecessary to sell the stock foreclosed upon in the judgment before issuing execution, said stock being shown to be worthless.

[4] The petition being sufficient in so far as it shows that plaintiff is a judgment creditor who has exhausted his legal remedies without avail, that is, if the garnishment is ineffective, we pass to the question whether in this state choses in action of the debtor can be subjected to the payment of a, judgment by the aid of equity. In the case of Price v. Brady, 21 Tex. 619, a doubt was expressed whether assistance would be given a judgment creditor to reach choses in action of his debtor in the absence of fraud or a trust. This doubt arises from the sharp conflict in both the English and American cases on the subject, each of the two lines of authority being supported by many able opinions. See note to Hall v. Henderson, 63 L. R. A. 673; also, note to Raymond v. Blancgrass, 15 L. R. A. (N. S.) page 977; Pomeroy's Equity Jurisprudence, § 1415. The editor of L. R. A., summing up in his note (63 L. R. A. 673), says:

"The idea which has seemed to possess the minds of most of the American judges appears to have been that things in action of a judgment debtor should, in justice, be liable to be subjected to the payment of his debts; and the opposite idea that such an one might, through having his means invested in property of this character, be enabled to live in affluence, while his creditor might be in need of the necessaries of life, was so repugnant to their sense of right that there was a straining for means to take and subject such property to its naturally legitimate function of satisfying its owner's indebtedness. This desire on the part of such judges led them to cast about for a remedy, and the only power that appeared to afford it was equity. They began by saying, in effect, that, inasmuch as choses in action are not liable to seizure on an execution against property, they should be included in what were known as equitable assets, and as such might be subjected to the satisfaction of the judgment. The result has been that in a considerable majority of the American jurisdictions the right to thus subject things in action in equity has been approved."

In the case of Taylor v. Gillean, 23 Tex. 517, the conflict in the authorities was discussed, but the question was left undecided. The cases of Railway v. McDonald, 53 Tex. 515, Railway v. Butler, 56 Tex. 509, and Railway v. Hume, 59 Tex. 47, involved a trust, and in such cases both lines of authority agree that equity will aid the judgment creditor. In the case of White Sewing Machine Co. v. Atkeson, 75 Tex. 330, 12 S. W. 812, the case of Railway v. McDonald, supra, was

discussed and distinguished. The question was again briefly discussed, but no conclusion announced; the court contenting itself with an expression of doubt whether the remedy by equity to subject choses in action to the payment of a judgment should be held to exist.

In the cases of Noyes v. Brown and Carter Bros. v. Hightower, supra, it was held that plaintiff who has no lien upon choses in action cannot through the equitable proceedings of an injunction and a receivership subject such choses in action to the payment of his debt. But in neither of the cases was plaintiff a judgment creditor, and it was a general rule in equity that a creditor's bill would not be entertained unless the claim had been reduced to judgment. Pomeroy's Equity Jurisprudence, § 1415; Beach on Receivers, § 612.

In the case of Cargill v. Kountze Bros., 86 Tex. 395, 22 S. W. 1015, 25 S. W. 13, 24 L. R. A. 183, 40 Am. St. Rep. 853, it was held that bills of discovery were abolished in Texas, and the court in discussing the question said:

"And it seems to us the general trend of our decisions is to confine creditors to their statutory remedies, and not to aid them in a court of equity, except in cases of trusts and frauds. Our courts will at the instance of a creditor set aside a fraudulent conveyance of a debtor, so as to subject the property to sale under execution, and to enable the creditors to realize at such sale a fair price. But this court has never countenanced a proceeding to make the debtor apply his assets to the payment of a judgment against him, or to compel him to disclose his assets, so that an execution may be levied or a writ of garnishment served to reach them; and we are of opinion that, in the absence of a statute conferring authority for the proceeding, it should be held that none exists."

This holding was based largely, if not entirely, upon the fact that law and equity were blended into one system by our statutes at the same session of the Congress of the Republic at which the common law was adopted, and at the same time a system of procedure established which was borrowed from the practice, both of the courts of law and those of equity, and writs peculiar to courts of equity were prescribed for by statutory regulation. That the statutory remedies are not adequate to supply those known to equity, we think, is clear, and that there is room for a difference of opinion as to whether our lawmakers ever intended to do away with the proceedings by creditors' bills in aid of execution and to discover assets. The other side of the question is ably presented in the opinion of Chief Justice Garrett in said case of Cargill v. Kountze Bros. See 22 S. W. 227. The question is not presented to us as an original one, but as one upon which our Supreme Court took a decided stand more than 20 years ago, and no legislation has been passed to meet that decision. That decision did not directly deny the right of a judgment creditor to subject choses in action which cannot be reached by statutory remedies to the payment of his debt by means of a creditors' bill, nor have we found any case in which that question has been directly decided, but the statements made therein, and in other cases cited above, have been generally accepted by the bar as settling the question by denying the aid of equity, except in cases of fraud or a trust. Our Supreme Court appears to have been of the opinion that the laws of this state did not permit any remedy, the effect of which would be to make the debtor apply his assets to the payment of a judgment; but cases arise in which the chose in action could be subjected to the payment of the debt without any proceedings against the debtor, except to enjoin him from assigning the same and no good reason exists, in our opinion, why in such cases the chose in action should not be applied to the payment of a judgment just as property subject to execution is applied to such purpose.

We conclude that the ancient remedies in equity have been denied to such an extent by our Supreme Court that it may be accepted as settled that a creditors' bill will not lie to subject a chose in action to the payment of a debt except in cases of fraud or a trust. But surely, if our statutory remedies must be depended on to accomplish the purposes accomplished by the broad powers of equity, a liberal construction thereof to promote justice should be given as is required by section 3 of the final title of our statutes.

We conclude that, under the decisions of our courts, the trial court was correct in holding that the equitable relief prayed for should not be granted regardless of whether or not the fund was subject to garnishment.

The judgment is affirmed.