LEARY v. INTERNATIONAL COAL & WOOD CO. et al. (No. 5717.)

(Court of Civil Appeals of Texas. San Antonio. April 12, 1916.)

1. APPEAL AND ERROR ⬙71(4)—DECISIONS APPEALABLE—APPOINTMENT OF RECEIVER.

Under Rev. St. 1911, arts. 2079, 2080, respectively providing for appeals from interlocutory orders appointing a receiver and interlocutory orders granting or dissolving temporary injunctions, no appeal will lie from an interlocutory order denying appointment of a receiver.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 399–401; Dec. Dig. ⬙71(4).]

2. INJUNCTION ⬙137(1) — TEMPORARY INJUNCTIONS—RIGHT TO.

Where a temporary injunction was prayed for as an incident to the appointment of a receiver of the corporation, but no cause of action against the corporation was alleged nor was any cause warranting its dissolution made out, a temporary injunction restraining corporate officers from carrying on the business is properly denied; the appointment of a receiver being refused.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 307; Dec. Dig. ⬙137(1).]

3. CORPORATIONS ⬙309(2)—LOANS—COLLATERAL—DISPOSITION.

Where defendant who was made president of a corporation had advanced money to it, receiving a large number of corporate shares, and also being given notes by plaintiff and another stockholder to secure his advances, it being agreed that such advances should be paid out of the dividends, plaintiff is not, though the agreement was made on his part under a mistake of law, entitled to enjoin defendant from disposing of the collateral and collecting the dividends.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1367; Dec. Dig. ⬙309(2).]

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Action by Raymond Leary against the International Coal & Wood Company and others. From an interlocutory order refusing to appoint a receiver and denying a temporary injunction, plaintiff appeals. Affirmed.

Ben H. Kelly, T. G. Jackson, and E. H. Powell, all of San Antonio, for appellant. R. W. B. Terrell and William Aubrey, both of San Antonio, for appellees.

MOURSUND, J. This is a suit by Raymond Leary against the International Coal & Wood Company, a corporation, C. H. Florian, Sr., E. A. Florian, and Robert W. B. Terrell.

Plaintiff alleged that about June 19, 1915, he and E. A. Florian each contributed $350 in cash and formed a partnership for the purpose of engaging in the coal and wood business, and purchased the business and property of the International Coal & Wood Company; that in 1915 H. Florian, Sr., agreed to furnish such financial assistance as said partnership might need, in consideration whereof he was conveyed a one-third interest in the business and contributed $2,000, which became the property of the firm; that about October 10, 1915, the partnership acquired what was known as the Full Cord Woodyard at a cost of $2,500, of which it paid $1,000 in cash, and the partners executed 15 joint and several notes for $100 each for the remainder of the price; that afterwards a corporation was organized under the same name as the partnership with a capital stock of $10,000, and with plaintiff, C. H. Florian Sr., E. A. Florian, and Robert W. B. Terrell as the stockholders and directors thereof: that the partnership conveyed to said corporation property of the reasonable value of $10,000, and each partner was entitled to share in the corporation as per the interest so transferred, less the three per cent. of the stock issued to Terrell for legal services, and the interest of each partner was therefore $3,233.33; that upon the distribution of the stock C. H. Florian, Sr., received $4,840 worth of stock, and plaintiff and E. A. Florian each received $2,430 worth, which was a discrimination against them and unjust and illegal; that at the suggestion of C. H. Florian, Sr., the corporation, through its officers, passed a resolution allowing him a salary of $100 per month to be used in paying the monthly $100 notes payable to the Full Cord Woodyard, which he agreed to pay; that if, in fact, the $1,500 was the debt of the corporation then the certificates of stock were excessive to that extent; that C. H. Florian procured plaintiff and E. A. Florian to each give him a note for $1,000, secured by 100 shares of the corporate stock, but that said note was not given for any debt due said C. H. Florian, but was, as Florian stated, for the purpose of getting his money back if the corporation went broke; that said Florian still holds plaintiff's note and refuses to surrender the same; that defendants obtained plaintiff's signature to some kind of pretended contract to the effect that Florian, Sr., was to have a certain number of shares, and that the $2,000 furnished by him was to be returned to him out of the first dividends, and that plaintiff and E. A. Florian were to give him their notes for $1,000 each, a copy of which contract was attached to the petition; that plaintiff did not understand what the legal effect of said contract was, and he was overreached and deceived by reason of such ignorance and of his confidence in defendants; that said contract "is wholly without any valuable consideration, is unilateral, and is also illegal, in that it discriminates in favor of and against persons who are on equal terms and gives one a legal advantage and property at the expense and to the injury of another partner without due process of law, and which is unconscionable, unjust, and illegal"; that it "also attempts to substitute a contract and the rights and interests of partners thereunder by a subsequent agreement which is not based upon a valuable or other legal consideration"; that about December 3, 1915, plaintiff resigned as director and

vice president of the corporation; that defendants are the directors thereof and in full charge of the same; that defendants are in collusion for the purpose of dissipating, misapplying, and appropriating to themselves the assets of the corporation; that he has reason to believe and does believe that they have paid to C. H. Florian the $2,000 furnished by him for which he elected to receive and did receive stock; that he cannot hold said stock and at the same time receive back said sum nor hold the notes of plaintiff or others therefor; that he should be required to elect which he will take and all other claims should be canceled; that the acts and conduct of defendants in procuring the execution of said pretended contract by plaintiff constitute a fraud against the corporation and its creditors and imperil their interests; that plaintiff is the owner of more than 25 per cent. of the stock of the corporation, and is powerless to prevent the misapplication and diversion of its funds and the appropriation thereof by C. H. Florian, Sr., as provided in said contract, which he alleges defendants have done or will do unless restrained; that plaintiff has no adequate remedy unless the court appoints a receiver and grants proper restraining orders; that the corporation should be dissolved; that from "visible appearances the stock of the corporation is not kept up to its former amount or value, and its holdings and properties have been largely reduced"; that large sums of money are believed to have been received from the sale of such properties, and no information has been furnished plaintiff of the condition of said corporation, and he has been denied access to its books; that he believes the funds have been dissipated and appropriated to the use of defendants.

Plaintiff's prayer is as follows:

"Wherefore plaintiff prays for the granting of such restraining orders as will safeguard and protect the corporation and its assets and property; for the appointment of proper receiver to take over and handle said corporation under the orders of the court; that upon a final hearing said corporation be dissolved, and that the rights and interests of each stockholder be ascertained and fixed by proper decree; that the said 15 remaining $100 notes or as many as are unpaid be decreed a liability of the corporation and ordered paid as such; that the pretended contract of the parties attached as Exhibit A be canceled and held for naught; that the said note of plaintiff for $1,000 held by C. H. Florian, Sr., be canceled and held for naught, and the stock held as collateral be returned to plaintiff and released from said pledge; that defendant C. H. Florian, Sr., be required to return to the corporation or such receiver as the court appoints any and all sums paid to him by the corporation or by him received directly or indirectly as refund or reimbursement for said $2,-000 furnished by him, unless he elects to surrender said stock, and, if it should appear that he has received more than he had paid, with legal interest, then that such excess be recovered and that said stock be canceled; that the excess percentage of stock issued to him and now held by him be also returned and canceled, and its value credited to the rightful owners as their respective interests may appear; that said tem-

porary restraining orders be perpetuated; that they include the ascertainment and payment of the just and legal debts and the collection of all outstandings and claims due the corporation, and the defendants be enjoined from interfering therewith, or in transferring or in any manner misapplying said funds and assets, or in the transferring or secreting of any of its property or assets; also that the said stock held by C. H. Florian, Sr., and the note of plaintiff held by him, as well as the collateral secured thereby, be in no manner transferred or disposed of; that plaintiff for himself and as a minority stockholder in said corporation and as such in its behalf, as well as in behalf of any other stockholders or creditors who may see fit to join him herein, prays for all this relief and for such other and further relief, legal and equitable, general and special, to which he or the corporation may be entitled and shall ever pray, and for costs."

[1] The defendants answered, and denied all allegations charging them with any wrongful conduct. They alleged that the distribution of the stock as shown in plaintiff's petition was in strict accordance with the amount each had invested, that the contract was valid and supported by a good consideration, and that C. H. Florian, Sr., had received no money or property of the corporation except $100 per month, which he received as president of the corporation. While it is contended that all the material allegations are not traversed by the answers, we conclude that such isolated portions as might be found not to have been denied would not make out a case for any kind of relief. The appeal is from an interlocutory order refusing to appoint a receiver and to grant a temporary injunction. No appeal is permitted by law from that part of the order refusing to appoint a receiver; the same being an interlocutory order. Articles 2079, 2080, R. S. 1911; Gulf National Bank v. Bass, 177 S. W. 1020; Tipton v. Ry. Clerks' Ins. Ass'n, 173 S. W. 562.

[2] We will therefore pass to the consideration of the question whether the court erred in refusing to grant a temporary injunction. We are unable to glean from appellant's assignments of error or the propositions thereunder what acts appellant contends should have been restrained. In fact, the main object of the suit was to procure the appointment of a receiver; hence the prayer is rather vague with regard to what relief by injunction was sought.

Construing the prayer liberally, it seems that plaintiff wants an injunction preventing defendants from interfering with the receiver in the collection of claims due the corporation and the payment of its debts, and from interfering with the receiver by transferring or in any manner misapplying the funds and assets of the corporation or secreting the same; also enjoining C. H. Florian, Sr., from transferring the stock held in his name, the note for $1,000 signed by plaintiff, and the stock pledged to secure the payment of said note. Had a receiver been appointed, the first part of the prayer would have doubtless been granted as an appropriate adjunct

to the receivership, but no cause of action was alleged against the corporation nor a case warranting its dissolution under article 1203, R. S. 1911, and the receivership was refused. With its refusal the relief asked as an adjunct thereto was necessarily denied. It would have been manifestly improper to have restrained the officers from carrying on the business of the corporation and thus leave it without any management. When we consider the petition we find various allegations of mismanagement so general and vague that a court could not properly issue an injunction restraining such acts in the terms in which they were pleaded; otherwise it would only be necessary in a suit by a stockholder to allege generally upon belief that he fears the funds will be dissipated or misapplied. It is to be noted that plaintiff does not ask for an order requiring defendants to permit him to inspect the books of the corporation, and it does not appear that he tested the good faith of defendants' allegation to the effect that the books were subject to his inspection.

[3] By taking steps to inspect the books he could have ascertained whether he had any ground for complaint with respect to the management of the affairs of the corporation, and, if so, could have stated such grounds. But, coming to the acts specifically alleged, we find that he complains of the payment of dividends to C. H. Florian, Sr., under the contract of which a copy is attached to his petition. He seeks to have this contract annulled, but alleges no legal ground for such action, as he only pleads a mistake of the law on his part. The contract is remarkable for its vagueness and indefiniteness. The intention apparently of the parties was that C. H. Florian, for advancing $2,000 to be used in purchasing properties for the corporation to be organized, was to receive 484 shares of stock, and still was to have his claim against the corporation for $2,000, which was to be paid out of the dividends, after which the dividends are to be paid to the stockholders. It further appears that plaintiff and E. A. Florian agreed to execute and deliver their respective notes for $1,000 to C. H. Florian, payable one day after date, and secured by pledge of stock in the corporation. No statement is made as to the purpose for which such notes were given, nor any provision made in regard to what is to become of the 484 shares issued to C. H. Florian, Sr., when he shall have received the $2,000. But, conceding that the 484 share of stock and the $1,000 note with its collateral are held by C. H. Florian to secure the payment of the $2,000 debt to him, as is contended by plaintiff, we fail to find any allegations justifying an injunction restraining him from disposing thereof. It is not alleged that he is insolvent, nor that he has threatened or attempted to dispose of all or any part of such collaterals, or that plaintiff fears he will do so. So far as enjoining the application of dividends to the satisfaction of the $2,000 indebtedness is concerned, it may be said that the contract so provides, and it does not appear that plaintiff can suffer any loss by reason thereof. It is the only way to pay the $2,000 unless plaintiff and E. A. Florian pay it and demand the delivery of all stock and notes held by C. H. Florian. We conclude that the facts alleged, taken in connection with the contract attached to the petition, are not such as to require the court to restrain any act specified in the prayer; and it was therefore unnecessary, and would have been a waste of time, to permit the introduction of evidence to substantiate such allegations.

The judgment is affirmed.

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes