**KITCHEN et ux. v. PRINTZ et ux.**

**No. 5058.**

Court of Civil Appeals of Texas. Amarillo.

Oct. 24, 1938.

T. L. Price and Joe S. Moss, both of Post, for appellants.

Crenshaw & Dupree, of Lubbock, for appellees.

FOLLEY, Justice.

The appellants filed this suit September 19, 1938, against the appellees, asking for the cancellation and rescission of a contract for the sale of land; for the recovery of title and possession of such land; for an accounting; for a foreclosure of a lien on personal property, and for damages; and as an ancillary remedy, prayed for an appointment of a receiver pending further orders of the court. A hearing was ordered in vacation upon the receivership application for September 22, 1938, at which time the appellees appeared by answer on such receivership application only, and specifically asserted they were not answering on the merits. Upon such hearing the court sustained a demurrer to the application for receivership, which action of the court forms the basis of this attempted appeal.

A motion to advance this cause out of its regular order was inadvertently granted by this court by reason of the uncertainty of the allegations in such motion in support of such advancement. The appellees have filed a motion to dismiss this appeal for the reason that it is not from a final judgment and this court has no jurisdiction.

The original brief of the appellants suggests that there is only one issue involved in this appeal, that being the court's action in sustaining the general demurrer to appellants' application for the appointment of a receiver. We think the authorities are in accord on the proposition that an appeal does not lie from an order refusing to appoint a receiver, pending a hearing on the merits, such order being purely interlocutory and not embraced

within the exceptions set out in article 2250, R.C.S. Article 2250, R.C.S., and art. 2249, Vernon's Ann.Civ.St. art. 2249; 3 Tex.Jur. 138, para. 73; 3 Tex.Jur. 105, para. 53; 3 Tex.Jur. 109, para. 54; 3 Tex. Jur. 126, para. 62; 36 Tex.Jur. 20, para. 7; Leary v. International Coal & Wood Co. et al., Tex.Civ.App., 185 S.W. 665; Jones et ux. v. Herring et al., Tex.Civ.App., 292 S.W. 296; Gulf Nat. Bank v. Bass et al., Tex.Civ.App., 177 S.W. 1019, writ refused; Swearingen v. Swearingen et al., Tex.Civ.App., 165 S.W. 16, writ dismissed; Cone v. Hudson, Tex.Civ.App., 139 S.W. 1167; Tipton et al. v. Railway Postal Clerks' Inv. Ass'n et al., Tex.Civ.App., 173 S.W. 562.

■■■ The appellants by supplemental brief urge that the judgment was a final judgment by reason of the fact that the court dismissed the cause, and cite the case of Brock et al. v. Kelley et al., Tex.Civ. App., 85 S.W.2d 274, as authority for such contention.

The judgment in the instant case, by its language, expressly limited the hearing to the question of receivership, the appellees having answered only as to such issue and not on the merits. The judgment recites that the parties were not appearing on the facts in the case. The judgment further provides that the demurrer be sustained "and Plaintiffs' failing to amend, it is therefore further ordered and adjudged by the court that the Plaintiffs' cause be and it is hereby dismissed * * *". The pleadings and the judgment affirmatively show that the court had and asserted jurisdiction only upon the application for receivership. Therefore, the order of dismissal could not be construed as being germane to any portion of the cause of action other than the application for receivership then before the court.

Moreover, we do not consider the Brock v. Kelley Case, supra, as any authority in sustaining appellants' position in the present situation. In that case the application for receivership was all that was before the court. The trial on the merits had been heard and the main cause was pending in the appellate court. In that case the trial court sustained a demurrer to the application as in the instant case, but did not dismiss the cause. The Court of Civil Appeals at Texarkana held that the judgment was not final and that a motion to dismiss was well taken, however, added that if the trial judge had dismissed the cause it would

have been a final judgment. The distinctive feature in that case from the instant case is apparent. The present case has not been tried on the merits and the rights and liabilities of the parties are yet to be determined. Under the above authorities, a judgment is not final if its fails to dispose of all parties, all issues and the entire subject matter of the litigation. The judgment herein not being final, and not being included in those interlocutory orders of the district court from which an appeal may be taken, it follows that the motion of the appellees to dismiss the appeal of the appellants should be granted, and it is so ordered.

The appeal is dismissed.